[Department Two, March 28, 1883.]

E. HANSEN, RESPONDENT, *v.* LEWIS MARTIN ET AL.,
J. W. DAGER, APPELLANT.

PRACTICE—UNDERTAKING ON APPEAL—JUDGMENT AGAINST SURETIES UPON MOTION.
—It is error to render judgment, under section 942 of the Code of Civil Procedure against one only of the sureties on an appeal bond—no reason appearing why the other was not joined, except that he could not be found and served with notice.   The section provides for a judgment "against the sureties," and this being a statutory proceeding, the course pointed out by the statute must be strictly pursued.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The plaintiff, several years ago, recovered a judgment against Lewis Martin for one thousand two hundred and twenty-seven dollars and costs. Martin appealed and filed an undertaking to stay execution as provided by the statute, with J. W. Dager and John T. Hill as sureties.

The judgment was affirmed, and upon the coming down of the remittitur the plaintiff moved the court upon affidavits setting out the above facts, for an order that J. W. Dager and John T. Hill appear and show cause why judgment should not be entered against them as sureties for the amount of the judgment recovered against Martin. Dager moved to dismiss the proceedings on the ground that Hill had not appeared to answer the order, nor had he been served with notice. The court found that there had been an unsuccessful attempt to serve Hill, denied the motion, and after a trial upon an answer setting up several defenses rendered judgment against Dager.

*John C. Burch,* for Appellant.

The words used in the section 942 "that they are bound," and not that they "*jointly* and *severally are bound,*" as also that "judgment may be entered . . . . against *the sureties,*" and not against the *sureties or either* of them" if taken either in "their ordinary and popular sense," or that they were used in the law as such, and must be taken in their *technical sense* is conclusive that section 942 provided for a "*joint*" bond only as construed by section 1644, Civil Code.

The sureties received no *benefit* from the *promise,* and are not brought within the exception specified in section 1431, Civil Code, and under section 1659, Civil Code, they are not "severally," but *jointly* liable. So that no other than a *joint* judgment can be entered.

The undertaking given in this action contains factors which are not provided for by section 942. At p. 40, folio 113, Trans., the sureties are made to say: "We, the undersigned," . . . . "do hereby '*jointly and severally*' undertake and promise"—the words "jointly and severally" are interpolated upon

the section; and at p. 41, folio 116, the words "*and without notice to us or either of us,*" are also interpolated upon or in addition to the conditions provided in section 942. The use of these latter words might be construed to authorize judgment against them "or either of them," were it not for the fact that the words following immediately are "*against the undersigned sureties,*" *plural,* using the language of the section providing for a "joint" judgment.

Notwithstanding the undertaking executed uses the words "jointly and severally" as above stated, we understand this to be a *statutory bond,* and it is well settled by this Supreme Court that when such a bond is given pursuant to the requirements of a particular statute or section of law, the provisions of that statute or section are deemed in law to have been incorporated into the bond.

It was said by this Supreme Court in *Heynemann* v. *Eder,* 17 Cal. 433: "Though not strictly an undertaking such as is contemplated by the statute, we think it should be construed in the same manner" . . . . their "agreement must be read in the light of the statute." Under this rule the "interpolated" words must be eliminated, and the bond left such as the Code (section 942) makes it and intended it to be, a "joint bond" upon which a "joint judgment" alone, and not a several or joint and several judgment may be rendered.

*Tully R. Wise,* for Respondent.

It has been decided over and over again that section 942 does authorize a judgment against the sureties upon motion. (*Kelly* v. *Morgan,* 54 Cal. 604; *Ladd* v. *Parnell,* 57 Cal. 232; *Meredith* v. *Santa Clara Mng. Assn. of Balt.* 56 Cal. 178; *Wood* v. *Orford,* 56 Cal. 157.)

This motion is the same as a *scire facias.* (*Beall* v. *New Mexico,* 16 Wall. 535; *Davidson* v. *Farrell,* 8 Minn. 262; *Wright* v. *Simmons,* 1 Smedes & M. 389; *White* v. *Prigmore,* 29 Ark. 211; *Chippee* v. *Thomas,* 5 Mich. 59; *Ladd* v. *Parnell,* 57 Cal. 232; *Wood* v. *Orford,* 6 Pac. C. L. J. 519; *Ward* v. *Chamberlain,* 2 Black, 430; Bouvier's Law Dic. Verb. recognizance.)

It is common practice in United States courts to enter judgment against stipulators at the same time as against principal.

No affidavit is necessary, but the case of *Kelly* v. *Morgan* is followed exactly by direction of the court. As the proceedings were based on papers in the case on the record, that is all that was necessary.

The parties can waive any legal or constitutional right, unless the law or Constitution expressly forbid it. (*Connelly* v. *State,* 31 Am. Rep. 34; *Brown* v. *Leitch,* 31 Am. Rep. 42; *State* v. *Kaufman,* 33 Am. Rep. 148; *State* v. *Worden,* 33 Am. Rep. 27.)

The court compelled us to proceed against Dager alone, because he had been served with notice, and Hill had not. This was proper. (Code Civ. Proc. § 579.)

PER CURIAM. — Martin, in appealing to this court from the judgment rendered against him, filed an undertaking with Dager and Hill as sureties. The judgment was affirmed, and on the going down of the remittitur the plaintiff moved, under section 942, Code of Civil Procedure, for judgment against the sureties. Notice of the motion was served on Dager only. The court entered judgment against him alone.

We think that it was error to render judgment under that section against one of the sureties only, no reason appearing why the other was not joined, except that he could not be found and served with notice. The section provides for a judgment "against the sureties"; and this being a statutory proceeding, the course pointed out by the statute must be strictly pursued. The terms of the bond did not, if it could have done so, authorize a variation from the provision of the statute; it authorized the entry of judgment "against the undersigned sureties."

Judgment reversed and cause remanded for further proceedings.

Hearing in Bank denied.