[Civ. Nos. 28938, 28939. First Dist., Div. Four. June 24, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
STUYVESANT INSURANCE COMPANY, Defendant and Appellant.

(Two Cases.)

**COUNSEL**

Jesse L. Halpern for Defendant and Appellant.

Evelle J. Younger, Attorney General, Robert R. Granucci and Jerome C. Utz, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CHRISTIAN, J.**—In two closely parallel cases, the Stuyvesant Insurance Company appeals from orders denying its motions to exonerate bail bonds undertaken by it and to vacate the forfeiture thereof.

James Watson and Irvin Dashielis were charged, by separate informations, with possession of marijuana (Health & Saf. Code, § 11530) and possession of narcotics paraphernalia (Health & Saf. Code, § 11555). Each defendant was admitted to bail and appellant gave bond for their

appearance. Each undertaking provided that, should the court order forfeiture, judgment could be taken summarily against appellant in the amount of the undertaking. Watson and Dashielis both failed to appear as required, the court declared the bonds forfeit, and the bondsman who had executed the undertakings in behalf of appellant was apparently so advised by the clerk of the court. Appellant thereupon moved the court to vacate the forfeitures and exonerate the bonds, on the stated ground that "the failure of the defendant herein to appear was excusable or was without the connivance or collusion of his bail."

At the hearing on the motion, appellant advanced a new idea, asserting that the statutory requirements of notice of forfeiture had not been met and that it was therefore improper to enter judgment upon the undertakings. The motions were denied; the present appeals followed.

Appellant correctly points out that where a bail bond issued by a corporate insurer indicates the address of the surety's principal office in California, notice of bail forfeiture must be mailed to the surety at that address "and mailing to the bail agent or solicitor who posted the bond shall not constitute compliance with this section; . . . If the Clerk fail to mail such notice within 30 days after [entry of forfeiture], the surety or depositor shall be relieved from all obligations under the bond." (Pen. Code, § 1305.) The same statute provides that the clerk of the court "shall execute an affidavit of such mailing and place it in the court's file on the case." Appellant correctly asserts that nothing in the record shows that notice was mailed to appellant at the address indicated on the undertaking. Appellant argues that it should therefore "be relieved from all obligations under the bond," under the terms of section 1305.

Recognizing that the surety would be entitled to relief from the judgments of forfeiture if the notices were not mailed, the court treated the absence of affidavits of mailing merely as an absence of evidence on the question whether notice was given. The court relied on the presumption that official duty has been regularly performed (see Evid. Code, § 664); it aptly noted also that the surety's timely appearance was some circumstantial evidence that in fact it had received notice conforming to the statute. Appellant submitted the motions for decision without presenting any evidence.

There is no showing that there was any defect in the proceedings leading to entry of judgments of forfeiture. Although failure to give notice thereof would make the judgments vulnerable under section 1305, "[t]he burden is upon the bonding company seeking to set aside the forfeiture to establish *by competent evidence* that its case falls within [the statutory requirements for relief from forfeiture]." (*People* v. *United*

*Bonding Ins. Co.* (1969) 272 Cal.App.2d 441, 445 [77 Cal.Rptr. 310] [relief sought under Penal Code section 1305, where defendant's failure to appear due to detention by other authorities].) "[A] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim[ed] relief . . . that he is asserting." (Evid. Code, § 500) Where appellant had the burden of showing that it was not given the notice prescribed by the statute, and submitted the motions without presenting evidence, the court acted correctly in denying relief.

The orders are affirmed.

Devine, P. J., and Rattigan, J., concurred.