[No. B042436. Second Dist., Div. Six. July 19, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
AMERICAN BANKERS INSURANCE CO., Defendant and
Appellant.

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

James B. Lindholm, Jr., County Counsel, Jac A. Crawford, Assistant County Counsel, and John Paul Daly, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**ABBE, J.**—Elias Aguirre Aguirre (Aguirre) was out on bail pending a trial on charges against him in San Luis Obispo County of possession for sale

and sale of illegal drugs. A $25,000 bail bond had been posted for Aguirre by appellant American Bankers Insurance Company (American). Aguirre failed to appear in court as ordered on January 29, 1988. A bench warrant was issued for his arrest and the bail bond was forfeited. A notice of forfeiture was mailed to American on February 2, 1988.

Penal Code[1] section 1305, subdivision (a) authorizes a forfeiture of bail and establishes a 180-day period during which the forfeiture may be set aside or the period tolled. The 180-day period here terminated on July 31, 1988, if not tolled.

Section 1306, subdivision (a) provides in part: "When any bond is forfeited and the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture, regardless of the amount of the bail, shall enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound . . . ."

Section 1306, subdivision (b) provides: "If, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to this section, summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated."

The 90-day period after July 31, 1988, ended on October 29, 1988.

On August 1, 1988, the county clerk sent a letter to American advising it that the 180-day period had elapsed since the bond was forfeited and notified American summary judgment would be entered against it unless the amount of the bond was paid by August 16, 1988.

On August 4, 1988, American moved to vacate the forfeiture and exonerate the bond on the ground that Aguirre was permanently unable to appear due to his death prior to the end of the 180-day period. The motion was set for hearing on August 29. The bail agent attached a declaration to the motion that he had "received information that on July 12, 1988, Elias Aguirre Aguirre passed away in Chihuahua, Mexico."

The hearing on the motion to vacate the forfeiture was continued from time to time and eventually to February 7, 1989. On November 2, 1988, American lodged with the court a "Certificado de Defuncion" indicating Aguirre had died in Mexico on July 12, 1988.

---

[1] All further statutory references are to this code.

On December 12, 1988, counsel for American learned that Aguirre had been arrested on the bench warrant issued after his failure to appear and was alive and in custody in Fresno. He informed the county counsel of this and advised him that the motion to exonerate on grounds of death would be taken off calendar. Counsel for American stated he "called the clerk's office and requested that the motion be taken off calendar."

However, on February 7, 1989, American's motion to vacate forfeiture came on for hearing. Counsel for the county appeared. No appearance was made on behalf of American, the moving party. The motion to vacate forfeiture on the grounds of the death of Aguirre was denied.

On March 7, 1989, summary judgment was entered against American in the sum of $25,000. American received notice of entry of summary judgment on bail forfeiture on March 10, 1989.

American's motion to vacate summary judgment and exonerate bond was denied and this appeal followed.

■ American argues that the 90-day period during which the court could enter summary judgment against it started on August 1, the day after the 180-day period ended. It contends the failure of the court to enter summary judgment during the 90-day period resulted in termination of its jurisdiction to do so and requires the court to vacate the bail forfeiture. We disagree.

## I.

In *People* v. *Wilcox* (1960) 53 Cal.2d 651, 657 [2 Cal.Rptr. 754, 439 P.2d 522, 78 A.L.R.2d 1174], the Supreme Court observed that "[s]ection 1306 can not be construed to require a summary judgment when the court has pending before it an application for relief under section 1305 at the end of the 90-[now 180] day period. As the relief sought in the present case was commenced within the statutory period the court did not lose jurisdiction to grant that relief and to set aside the forfeiture."

American does not contend this dicta in the *Wilcox* case was incorrect. It argues that *Wilcox* involved a motion for exoneration on grounds of illness, a temporary disability, which required only a tolling of the 180-day period. There was no motion in *Wilcox* on the ground of death, a permanent disability justifying exoneration.

Section 1305, subdivision (a) provides that within the 180-day exoneration period if the court is satisfied that the defendant is temporarily disabled

by reason of illness, insanity, or detention by civil or military authorities and is therefore unable to appear in court at any time during the remainder of such 180 days, and that the absence of the defendant has not been with the connivance of the bail, then the period of time during which the disability continued shall not be deemed part of such 180 days. It also provides that if the court finds that a reasonable period of time is necessary in order to return a defendant to court upon the termination of the disability, then such period of time, as fixed by the court, shall not be deemed part of such 180 days.

American contends that the Supreme Court in *Wilcox* held in effect, even though it did not say so, that the exoneration period was tolled because the motion for exoneration was filed on the ground of temporary disability, not death. Death is not included in section 1305, subdivision (b) as a reason to toll the 180-day period.

We conclude that the statement in *Wilcox* that section 1306 cannot be construed to require a summary judgment to be entered when the court has pending before it an application for relief under section 1305 applies to this case. It is clear that the only reason summary judgment was not entered against American was because of the motion to exonerate on what turned out to be a false assertion of the death of Aguirre. When American's motion to vacate forfeiture came on for hearing on August 29, 1988, the court records indicate that there was no appearance by counsel for American but the matter was continued to September 12, 1988. On September 12, counsel did appear on behalf of American and the motion appears to have been continued to September 26. The record on appeal contains no minute order of what occurred on September 26. On October 6, 1988, with county counsel and counsel for American being present in court the matter was continued to November 2, 1988, "at request of counsel."

On November 2, counsel then argued the question whether American's motion had been timely filed since it was filed on August 4 and the 180-day period terminated on July 31. The court held the motion was timely filed. The court then made an order continuing the matter to February 7, 1989, for hearing American's motion to vacate forfeiture.

The declaration of the bail agent in support of the motion was only that he had information that Aguirre had "passed away" as he put it. It must be presumed that the continuances of the hearing of the motion were made to allow American time to obtain satisfactory evidence of such death. In fact it was not until December 12, 1988, that American filed the "Certificado de Defuncion," which turned out to be false.

Under such circumstances it would be improper to hold that the trial court lost jurisdiction to enter summary judgment because it did not do so within the 90-day period after the period of exoneration had ended.

## II.

American contends that even assuming the 180-day period was tolled by the pendency of a motion to exonerate, exoneration of the bond was nevertheless required because the defendant reappeared during the time the motion was pending. We find no merit in this contention.

Section 1305, subdivision (a) provides in part that if at any time within the 180-day exoneration period, " . . . the defendant appears, and satisfactorily excuse the defendant's neglect or show to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail, . . ." the court shall direct the forfeiture to be set aside and the "bail exonerated immediately."

Not only did American not comply with this part of section 1305, subdivision (a), its counsel also "called the clerk's office and requested that the motion be taken off calendar." The court was not required to treat American's motion as one made on the ground of reappearance rather than death. American made no effort to excuse Aguirre's absence or show his absence was not with the connivance of the bail.

In *People* v. *Resolute Ins. Co.* (1975) 46 Cal.App.3d 249, 255 [120 Cal.Rptr. 17], the court held that if the grounds for the motion to vacate forfeiture are properly set forth, the surety is entitled to whatever relief is appropriate under the circumstances. American did not set forth any ground for relief other than death and failed to comply with the requirements of section 1305, subdivision (a) to obtain exoneration because of reappearance.

The judgment is affirmed.

Stone (S. J.), P. J., and Gilbert, J., concurred.