Opinion
 

 THAXTER, J.
 

 Appellant American Bankers Insurance Company of Florida (American) was the surety on a bail bond. When the defendant failed to appear in court, the bail was forfeited. The defendant later reappeared in court but American took no steps seeking relief from the forfeiture within the statutory period. Summary judgment of forfeiture was then entered, and American moved to set the judgment aside. American appeals from the denial of that motion.
 

 American contends on appeal that the trial court had a sua sponte duty to discharge the bail forfeiture when the defendant reappeared. The same argument was made by American and rejected by Division Four of the Second Appellate District in
 
 County of Los Angeles
 
 v.
 
 American Bankers Ins. Co.
 
 (1988) 202 Cal.App.3d 1291 [249 Cal.Rptr. 540], We reach the same conclusion and affirm.
 

 Summary of Proceedings Below
 

 On November 20, 1988, criminal defendant Jeffrey D. Fannon was released on bail upon posting of American’s bail bond No. AB10-00839870 in
 
 *334
 
 Stanislaus County Municipal Court, Modesto Judicial District. Patricia L. Becker of Joyce’s Bail Bonds, Modesto, was the posting agent. After municipal court proceedings, the matter was transferred, along with the bond, to Stanislaus County Superior Court.
 

 In July 1989, Joyce’s Bail Bonds closed due to the illness of Mrs. Becker. Unfortunately, Mrs. Becker died from her illness. Albert T. Ramirez, doing business as Albert Ramirez Bail Bonds, took responsibility for Mrs. Becker’s bonds.
 

 On October 23, 1989, Fannon failed to appear, a bench warrant was issued, and the bail was declared forfeited. Notice of forfeiture was mailed to American and to Joyce’s Bail Bonds on November 1, 1989. American received its notice. The notice to the posting agent was not received. It was returned to the court with the notation, “Moved Left No Address Unable to Forward.” Apparently, Mr. Ramirez had not notified the court before the notice was sent that he had succeeded Mrs. Becker on the bond, although he did so later.
 

 On April 22, 1990, Fannon was arrested on the outstanding warrant and returned to custody.
 

 On May 11, 1990, summary judgment was entered on the forfeiture. Ramirez received notice of entry of judgment thereafter, learning for the first time of the forfeiture. On May 31, 1990, Ramirez filed a motion to set aside the judgment and to exonerate bond. The motion was denied and American appeals from the order of denial.
 

 Discussion
 

 I.
 
 Standard of Review.
 

 The issue here is one of statutory construction. Because the evidence is undisputed and the issue raises a question of law, our function is identical to that of the trial court. The trial court’s legal conclusions are not binding on appeal.
 
 (Merrill
 
 v.
 
 Department of Motor Vehicles
 
 (1969) 71 Cal.2d 907, 915-916 [80 Cal.Rptr. 89, 458 P.2d 33];
 
 Canterbury Termite Control, Inc.
 
 v.
 
 Structural Pest Control Bd.
 
 (1989) 207 Cal.App.3d 422, 426 [254 Cal.Rptr. 873];
 
 Lewin
 
 v.
 
 St. Joseph Hospital of Orange
 
 (1978) 82 Cal.App.3d 368, 387 [146 Cal.Rptr. 892].)
 

 
 *335
 
 II.
 
 The
 
 Bail
 
 [1]
 

 Must Petition to Set Aside Bail Forfeiture Within the 180-day Statutory Period—The Trial Court Has No Sua Sponte Duty to Grant Relief.
 

 Forfeiture of bail is governed by Penal Code
 
 [2]
 
 section 1305 et seq. The statute has been amended many times since its enactment in 1872. American relies on the 1985 amendments to support its position on appeal. (Stats. 1985, ch. 1486, § 1, p. 5481.)
 

 The statute, including the 1985 amendments, provides as follows:
 

 “(a) If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his or her presence in court is lawfully required, or to surrender himself or herself in execution of the judgment, the court must direct the fact to be entered upon its minutes, and, unless within 15 court days from arraignment no complaint has been filed or the charges have been dismissed, the undertaking of bail, or the money deposited instead of bail, as the case may be, must thereupon be declared forfeited, and, . . . the clerk of the court shall, promptly upon entering the fact of such failure to appear in the minutes, mail notice of the forfeiture to the surety on the bond or depositor of money instead of bond, and shall execute a certificate of such mailing and place it in the court’s file in the case. ... If the clerk fails to mail such notice within 30 days after such entry, the surety or depositor shall be released from all obligations under the bond.
 

 “But if at any time within 180 days after such entry in the minutes or, if mailing of notice of forfeiture is required, within 180 days after mailing such notice of forfeiture,
 
 the defendant appears,
 
 and satisfactorily excuse [sic] the defendant’s neglect or show [¿ic] to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail, the court shall, under terms as may be just and that are equal with respect to all forms of pretrial release, direct the forfeiture of the undertaking or the deposit to be set aside and the bail or the money deposited instead of bail
 
 exonerated immediately.
 
 The court may order the bail reinstated and the defendant released again on the same bond after notice to the bail, provided that the bail has not surrendered the defendant. If at any time within 180 days after such entry in the minutes or mailing as the case may be, the bail should surrender the defendant to the court or to custody, the court shall under terms as may be just direct the forfeiture of the undertaking or the deposit to be set
 
 *336
 
 aside and the bail or the money deposited instead of bail exonerated immediately.
 

 “Unless waived by the district attorney or other prosecuting attorney, no order discharging the forfeiture of the undertaking or deposit shall be made without
 
 notice by the bail to the district attorney or prosecuting attorney, who may request a hearing within 10 days after receipt of the notice. The notice
 
 may be given by the surety insurer, its bail agent, the surety, or the depositor of money, any of whom may give the notice and appear either in person or by an attorney.
 
 The court shall then set the date, time, and place of hearing and give notice to the district attorney or prosecuting attorney and to the bail. . .
 
 .” (§ 1305, italics added.) The last paragraph of subdivision (a) prior to the 1985 amendments read as follows:
 

 “Unless waived by the district attorney or other prosecuting attorney,
 
 no order discharging the forfeiture of the undertaking or deposit shall be made without opportunity for hearing and the filing of a notice of motion for such order setting forth the basis for relief,
 
 with proof of service upon the district attorney or other prosecuting attorney at least 10 days prior to the time set for hearing of the motion and otherwise in compliance with the provisions of Section 1010 of the Code of Civil Procedure. Such notice may be given by the surety insurer, its bail agent, the surety, or depositor of money, any of whom may give such notice and appear either in person or by attorney.
 
 Such notice of motion must be filed within 180 days after such entry in the minutes or mailing as the case may be, and must be heard and determined within 30 days after the expiration of such 180 days,
 
 unless the court for good cause shown, shall extend the time for hearing and determination. . . .” (§ 1305, italics added.)
 

 American contends the statute as amended creates a sua sponte duty to set aside the forfeiture and order exoneration of the bond immediately upon the defendant’s reappearance after arrest on the bench warrant. On the other hand, respondent Stanislaus County argues the statute does not create a sua sponte duty but continues to require a timely motion by the bail requesting relief. American also contends due process requires that the court give notice to the bail when a defendant is rearrested.
 

 The statute, after the 1985 amendments, no longer contains the requirement that the bail request a hearing for and give notice of its motion to set aside the forfeiture. According to American, the intent of this change was to make forfeiture automatic. Further evidence of this intent is the addition of language commanding that bail be “exonerated immediately”
 
 *337
 
 after a defendant has reappeared. American also argues this duty arises whenever any of the statutory grounds for exoneration present themselves, without regard to the statutory time period of 180 days.
 

 We think American reads too much into the 1985 amendments. The new procedure requires that the
 
 bail
 
 must notify the prosecuting attorney before any order setting aside forfeiture and exonerating bail is filed. In turn, the prosecuting attorney may request a hearing,
 
 if one is desired.
 
 If a hearing is requested,
 
 the court
 
 sets the matter for hearing and notifies all parties of the date and time. (§ 1305, subd. (a).) Thus the statute continues to require affirmative steps
 
 by the bail
 
 seeking relief, although it stops short of requiring that the bail notice a hearing.
 

 The statute is not a model of clarity. However, we do not read it as creating a sua sponte duty to grant relief from forfeiture in the absence of a request by the bail. Exactly how the bail requests relief, or what the required notice must contain, is not clear. We need not address those questions in this case, though, because American made no request for relief and gave no notice until after the statutory period expired.
 

 In our view the 1985 amendments were designed to simplify, and perhaps expedite, the procedure for obtaining relief from forfeiture—not to shift the burden of initiating that procedure from the bail to the court. The major change was to eliminate the need for a hearing
 
 unless
 
 one is requested by the prosecuting attorney. The significance of this change is clear—the Legislature has offered a less formal procedure, simplifying the process and eliminating the expenditure of valuable court time when a hearing is not needed nor desired by the parties. This is consistent with previous legislative amendments to the statute. The trend has consistently been to provide quicker, less formal and more efficient relief from forfeiture. (See
 
 People
 
 v.
 
 United Bonding Co.
 
 (1970) 3 Cal.App.3d 868, 870 [84 Cal.Rptr. 66].)
 

 For example, under previous law forfeiture was required whenever a defendant failed to appear irrespective of the length or justification for the absence. Later amendments allowed the court to continue the matter without forfeiting bail when it determined there was a sufficient excuse for nonappearance.
 
 (People
 
 v.
 
 Surety Ins. Co.
 
 (1976) 55 Cal.App.3d 197, 200-201 [127 Cal.Rptr. 451].) Prior to 1963, relief from forfeiture was a discretionary function. The 1963 amendments mandated discharge when the statutory grounds for relief are established by the bail. (See Stats. 1963, ch. 2014, § 1, p. 4113;
 
 People
 
 v.
 
 Souza
 
 (1984) 156 Cal.App.3d 834, 841 [203 Cal.Rptr. 80].)
 

 Earlier versions of the law provided that the trial court could not act on bail unless both the defendant
 
 and the bail
 
 were physically present in court.
 
 *338
 

 (People
 
 v.
 
 Wilshire Ins. Co.
 
 (1976) 61 Cal.App.3d 51, 59 [132 Cal.Rptr. 19];
 
 People
 
 v.
 
 United Bonding Co., supra,
 
 3 Cal.App.3d at pp. 870-871;
 
 People
 
 v.
 
 National Automobile & Cas. Co.
 
 (1969) 276 Cal.App.2d 480, 484-485 [80 Cal.Rptr. 790].) The 1985 amendments eliminated this roadblock. (Stats. 1985, ch. 1486, § 1.)
 

 Under previous law if the trial court determined a defendant’s nonappearance was justified, it was required to enter its findings in the minute order. Later the statute was amended to eliminate the need for an express finding (although the record must still support a finding that nonappearance is with sufficient excuse).
 
 (People
 
 v.
 
 American Bankers Ins. Co.
 
 (1989) 215 Cal.App.3d 1363, 1367 [264 Cal.Rptr. 152].) The 1972 amendments created the possibility of waiver of the right to a hearing by the district attorney. (Stats. 1972, ch. 1114, § 1, pp. 2124-2125.)
 

 Thus, the trend has been to grant more flexibility to the trial court, provide quicker and less formalized relief from forfeiture, and avoid contested hearings when able. The Legislature has apparently recognized a hearing is only necessary in bail matters when the issues are contested. Due process is satisfied because the opportunity to request a hearing is provided. Due process does not require a noticed hearing—it requires only an opportunity to be heard. A procedure which requires the opponent of a declared course of action to demand a hearing satisfies due process.
 
 (People
 
 v.
 
 Surety Insurance Co.
 
 (1978) 82 Cal.App.3d 229, 237-239 [147 Cal.Rptr. 65]; see also
 
 Arnett
 
 v.
 
 Kennedy
 
 (1974) 416 U.S. 134 [40 L.Ed.2d 15, 94 S.Ct. 1633].)
 

 It is the bail’s obligation to secure attendance of a defendant. (See
 
 People
 
 v.
 
 American Bankers Ins. Co.
 
 (1990) 222 Cal.App.3d 223, 228 [271 Cal.Rptr. 464];
 
 People
 
 v.
 
 Stuyvesant Ins. Co.
 
 (1971) 18 Cal.App.3d 411, 413-414 [95 Cal.Rptr. 918];
 
 People
 
 v.
 
 National Auto. & Cas. Ins. Co.
 
 (1979) 92 Cal.App.3d 481, 484-485 [154 Cal.Rptr. 872].) The bail contract encompasses a risk that the defendant will not appear.
 
 (People
 
 v.
 
 Ramirez
 
 (1976) 64 Cal.App.3d 391, 402 [134 Cal.Rptr. 511].) When the defendant fails to appear and forfeiture is declared, it remains the obligation of the
 
 bail
 
 to find the defendant and prove to the court that it is entitled to relief from forfeiture.
 

 A review of the legislative history supports our analysis and reveals a recommitment to this basic principle. Proponents of the 1985 amendatory bill intended to eliminate the hearing process as a “condition” to obtaining a discharge of a bail forfeiture, to make exoneration automatic and, initially, to eliminate the involvement of the prosecution in the process. (Sen. Ins., Claims and Corporations Com., Analysis of Sen. Bill No. 673 (1985-1986
 
 *339
 
 Reg. Sess.) as amended May 1, 1985.) Nowhere does the legislative history suggest an intent to place a sua sponte duty on the trial court. There was opposition to the bill as originally drafted and it was revised in committee. The revisions include the modified procedural mechanism found in the last paragraph of subdivision (a) of section 1305 and deletion of the original proposal that exoneration be “automatic.” (See Rep. of Assembly Com. on Finance & Ins., p. 2; Sen. Ins., Claims and Corporations Com., Conf. Rep. Analysis (Aug. 1985); Sen. Rules Com. Conf. Rep. (Sept. 10, 1985). See also Legis. Counsel’s Dig., Sen. Bill No. 673, 4 Stats. 1985 (Reg. Sess.) Summary Dig., p. 559; see also Rep. of Legis. Counsel to Governor (Sept. 26, 1985).)
 

 Furthermore, the Legislature left intact the language of the second paragraph of section 1305, subdivision (a) which states:
 

 “But if at any time within 180 days ... the defendant appears, and satisfactorily excuse[s] the defendant’s neglect or show[s] to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail, the court shall . . . direct the forfeiture of the undertaking ... to be set aside . . . .”
 

 Thus, the statute continues to authorize relief only when the appropriate showing is made.
 
 (People
 
 v.
 
 American Bankers Ins. Co., supra,
 
 222 Cal.App.3d at p.228;
 
 People
 
 v.
 
 Souza, supra,
 
 156 Cal.App.3d at p. 841;
 
 People
 
 v.
 
 Ramirez, supra,
 
 64 Cal.App.3d at p. 401;
 
 People
 
 v.
 
 Stuyvesant Ins. Co., supra,
 
 18 Cal.App.3d at pp. 413-414.) That part of a statute left unchanged after amendment is regarded as a continuation of existing law.
 
 (Williams
 
 v.
 
 Justice Court
 
 (1964) 230 Cal.App.2d 87, 100 [40 Cal.Rptr. 724].)
 

 Nonetheless, American argues the statute imposes a sua sponte duty on the trial court to make the required factual determination for relief from forfeiture immediately upon a defendant’s reappearance within the 180-day period. While the language of the statute may be susceptible of this interpretation in isolation, it is not tenable when viewed in relation to the statute as a whole and the legislative intent. Each provision of a statute is to be construed with the fair import of its terms to effectuate the object of the statute and to promote justice. Each provision must be construed with reference to the entire statutory scheme.
 
 (Bowland
 
 v.
 
 Municipal Court
 
 (1976) 18 Cal.3d 479, 487, 489 [134 Cal.Rptr. 630, 556 P.2d 1081].)
 

 The statute clearly no longer requires the bail’s presence when the determination concerning entitlement to relief from forfeiture is made. Had
 
 *340
 
 the Legislature wished to require notice to the bail or otherwise assure the bail had the opportunity to participate in the determination, it could have easily done so. (The statute does require notice of forfeiture to the bail.) On the other hand, a determination against the bail’s interest without its participation would probably violate due process. (See
 
 County of Madera
 
 v.
 
 Ranger Ins. Co.
 
 (1991) 230 Cal.App.3d 271 [281 Cal.Rptr. 230];
 
 People
 
 v.
 
 Wilshire Ins. Co., supra,
 
 61 Cal.App.3d at p. 60.) Moreover, the trial court in most cases will not have sufficient information to determine whether the nonappearance of the defendant was justified or without the connivance of the bail. Certainly it is unreasonable to rest the bail’s rights on the defendant’s ability and willingness to make a sufficient showing.
 

 In the absence of a requirement to notify the bail every time a defendant is returned to custody, American’s suggested interpretation of the statute creates an obligation to make a factual determination on an inadequate record and, in many cases, against the bail’s interest without the bail’s participation. Such an absurdity should not be ascribed to an act of the Legislature when a reasonable interpretation of the statute is possible.
 
 (Orange County Water Dist.
 
 v.
 
 Farnsworth
 
 (1956) 138 Cal.App.2d 518, 525 [292 P.2d 927].)
 

 As we noted at the outset, American urged the same contentions unsuccessfully in
 
 County of Los Angeles
 
 v.
 
 American Bankers Ins. Co., supra,
 
 202 Cal.App.3d 1291. American now criticizes the court’s conclusion in
 
 County of Los Angeles
 
 that the 1985 amendment to section 1305 “does not otherwise relieve the bail of its responsibility under the existing terms of the statute to appear within 180 days of the forfeiture and move to set the forfeiture aside . . . .”
 
 (Id.
 
 at p. 1295.) American argues that the amendment did relieve the bail of responsibility for making a motion. A motion, however, is simply “[a]n application for an order.” (Code Civ. Proc., § 1003.) As we have explained, a reasonable construction of the amended statute is that the bail must still apply, in some manner, for an order relieving the forfeiture. All that has been eliminated is the need for a hearing on the application, unless the prosecuting attorney, after receiving notice, requests a hearing.
 

 In summary, although the statute does not spell out the mechanism by which relief from forfeiture may be sought, the burden of coming forward with a request and making the necessary showing within the statutory time frame remains with the bail. Under the statute as it stands the court has no duty to notify the bail when a defendant is rearrested or otherwise returned to custody.
 

 
 *341
 
 Disposition
 

 The judgment is affirmed. Costs to respondent.
 

 Ardaiz, Acting P. J., and Vartabedian, J„ concurred.
 

 [1]
 

 The statute refers to “the bail.” “Bail” refers to the cash, the undertaking, the surety and the bail agent. (See
 
 People
 
 v.
 
 Amwest Surety Insurance Co.
 
 (1980) 105 Cal.App.3d 51, 54 [164 Cal.Rptr. 159].) In this opinion we refer to both the surety and the bail agent as the “bail.”
 

 [2]
 

 All statutory references are to the Penal Code unless otherwise indicated.