[No. F015822. Fifth Dist. Mar. 6, 1992.]

THE PEOPLE, Plaintiff and Appellant, v.
AMERICAN BANKERS INSURANCE COMPANY, Defendant and
Respondent.

COUNSEL

Max E. Robinson, County Counsel, and Kevin B. Briggs, Deputy County Counsel, for Plaintiff and Appellant.

Nunez & Bernstein and E. Alan Nunez for Defendant and Respondent.

OPINION

VARTABEDIAN, J.—Ramon Gonzales was charged in Fresno County Superior Court with two counts of violation of Health and Safety Code section 11351. A $10,000 bail bond was posted for Gonzales by American Bankers Insurance Company (respondent). Gonzales failed to appear in court as ordered on October 25, 1989. A bench warrant was issued for his arrest, and the bail bond was forfeited. A notice of forfeiture was mailed to respondent on October 26, 1989.

One hundred and eighty days later, on April 24, 1990, respondent filed a notice of motion to toll time or to vacate forfeiture. A hearing on the motion was set for May 18, 1990.

On May 1, 1990, the superior court granted appellant's motion for summary judgment on the previously forfeited bond. Notice of entry of judgment was mailed to respondent on May 1, 1990.

Respondent's motion to toll time was finally heard on May 25, 1990, and denied on June 8, 1990. A motion for reconsideration of the decision was filed on July 19, 1990, and denied on August 3, 1990.

On December 12, 1990, respondent filed a motion to set aside the summary judgment and exonerate the bond. This appeal is from the order granting that motion.

### Standard of Review

■   Since the evidence before this court is not in dispute, the issue here is one of law, particularly of statutory construction. The trial court's legal conclusions are not binding on appeal. (*Canterbury Termite Control, Inc.* v. *Structural Pest Control Bd.* (1989) 207 Cal.App.3d 422, 426 [254 Cal.Rptr. 873].)

### DISCUSSION

■   In granting the motion to vacate the summary judgment, the trial court found that the superior court lacked jurisdiction on May 1, 1990, to

order summary judgment. The court relied upon *People* v. *American Bankers Ins. Co.* (1990) 222 Cal.App.3d 223 [271 Cal.Rptr. 464].

In *People* v. *American Bankers Ins. Co., supra,* the 180-day period[1] had elapsed after the court had declared a forfeiture. The 90-day period[2] following the 180-day period would have terminated on October 29, 1988. During that 90-day period and on August 4, 1988, American moved to vacate the forfeiture and exonerate the bond. The motion was set for hearing on August 29. The hearing was continued from time to time and was eventually heard on February 7, 1989. In the meantime, on November 2, 1988, American had lodged with the court a certificate tending to show that the defendant therein had died in Mexico in July of 1988. However, apparently in December, American learned that defendant was alive and in custody in Fresno. Counsel for American represented that he had called the clerk's office to request that the motion be taken off calendar. The motion was still on calendar on February 7, 1989, and counsel for the county appeared. No appearance was made on behalf of American. The motion to vacate the forfeiture on the ground that the defendant had died was denied.

On March 7, 1989, summary judgment was entered against American in the sum of $25,000. American's motion to vacate the summary judgment and exonerate the bond was denied. On appeal, American argued that "the 90-day period during which the court could enter summary judgment against it started on August 1, the day after the 180-day period ended. It contends the failure of the court to enter summary judgment during the 90-day period resulted in termination of its jurisdiction to do so and requires the court to vacate the bail forfeiture." (*People* v. *American Bankers Ins. Co., supra,* 222 Cal.App.3d at p. 226.)

The court held, "Under such circumstances it would be improper to hold that the trial court lost jurisdiction to enter summary judgment because it did not do so within the 90-day period after the period of exoneration had ended." (*People* v. *American Bankers Ins. Co., supra,* 222 Cal.App.3d at

---

[1]Penal Code section 1305 provides in relevant part that within 180 days after the entry of the forfeiture in the minutes or mailing of notice, if required, the surety can obtain relief from forfeiture by surrendering the defendant or making a showing of permanent or temporary disability for the failure to do so.

[2]Penal Code section 1306 provides in relevant part: "(a) When any bond is forfeited and the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture, regardless of the amount of the bail, shall enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound. . . . [¶] . . . [¶] (c) If, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to this section, summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated."

p. 228.) The court noted that in *People* v. *Wilcox* (1960) 53 Cal.2d 651, 657 [2 Cal.Rptr. 754, 349 P.2d 522, 78 A.L.R.2d 1174], the Supreme Court observed that Penal Code section 1306[3] " 'can not be construed to require a summary judgment when the court has pending before it an application for relief under section 1305 at the end of the 90-[now 180] day period. As the relief sought in the present case was commenced within the statutory period the court did not lose jurisdiction to grant that relief and to set aside the forfeiture.' " (222 Cal.App.3d at p. 226, brackets in original.)

The court in *American Bankers* noted, "It is clear that the only reason summary judgment was not entered against American was because of the motion to exonerate on what turned out to be a false assertion of the death of [defendant]." (*People* v. *American Bankers Ins. Co., supra,* 222 Cal.App.3d at p. 227.)

Appellant presently argues, "the ruling of the *American Bankers* case, upon close reading, reveals that the ruling there is simply based on equitable considerations that do not allow a surety to present one face to the court, request multiple continuances and then change it's [*sic*] position and claim that summary judgment can no longer be entered because of the passing of 90 days."

Here appellant brought the motion for summary judgment and obtained a summary judgment within the 90-day period following the expiration of the 180-day period as originally computed, not as extended by any tolling.

We do not regard *American Bankers* as controlling, since that case did not analyze or mention the fact that the statutes governing the underlying procedures had been amended in certain relevant respects in 1985. The case cites only one authority for its result—*People* v. *Wilcox, supra,* 53 Cal.2d 651—a case decided long before the 1985 amendments. *American Bankers* discussed procedures relating to a showing of temporary disability or permanent disability, noting the similarities and differences in the statutory treatment of either type of disability, but did not discuss the fact that the underlying statutory requirements for notice and hearing, among other things, had been changed.

Forfeiture of bail is governed by section 1305 et seq. The statute was amended in 1985 (Stats. 1985, ch. 1486, § 1, p. 5481) and now provides in relevant part, "Unless waived by the district attorney, other prosecuting attorney, or county counsel, as the case may be, no order discharging the forfeiture of the undertaking or deposit shall be made without notice by the

---

[3]Further statutory references are to the Penal Code unless otherwise noted.

bail to the district attorney, prosecuting attorney, or county counsel, as specified by the board of supervisors after consultation with the county counsel and the district attorney, who may request a hearing within 10 days after receipt of the notice. The notice may be given by the surety insurer, its bail agent, the surety, or the depositor of money, any of whom may give the notice and appear either in person or by an attorney. The court shall then set the date, time, and place of hearing and give notice to the district attorney, prosecuting attorney, and county counsel and to the bail."

Prior to the amendment, provision was made for a noticed motion, a hearing thereon, and a 30-day extension of the 180-day period for the hearing to be held, as long as the notice of motion was filed within the original 180-day period.[4]

█ " 'It is ordinarily to be presumed that the Legislature by deleting an express provision of the statute intended a substantial change in the law.' [Citations.]" (*People* v. *Dillon* (1983) 34 Cal.3d 441, 467 [194 Cal.Rptr. 390, 668 P.2d 697].) When the Legislature undertakes to amend a statute which has been the subject of judicial construction, it is presumed that the Legislature was "fully cognizant of such construction, and when substantial changes are made in the statutory language it is usually inferred that the lawmakers intended to alter the law in those particulars affected by such changes." (*Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 659 [147 Cal.Rptr. 359, 580 P.2d 1155].)

█ The provisions of earlier versions of section 1305 dealing with a noticed motion and hearing thereon have been judicially construed in *County of Los Angeles* v. *Surety Ins. Co.* (1984) 152 Cal.App.3d 16 [199 Cal.Rptr. 351], where the court held that filing the motion for relief on the basis of temporary disability tolled the 180-day period until the hearing was held, and in *People* v. *Wilcox, supra,* 53 Cal.2d 651, where it was determined that the court may enter an order vacating the bail forfeiture after the 90-day

---

[4]The last paragraph of subdivision (a) of section 1305 prior to the 1985 amendments read as follows:

"Unless waived by the district attorney or other prosecuting attorney, no order discharging the forfeiture of the undertaking or deposit shall be made without opportunity for hearing and the filing of a notice of motion for such order setting forth the basis for relief, with proof of service upon the district attorney or other prosecuting attorney at least 10 days prior to the time set for hearing of the motion and otherwise in compliance with the provisions of Section 1010 of the Code of Civil Procedure. Such notice may be given by the surety insurer, its bail agent, the surety, or depositor of money, any of whom may give such notice and appear either in person or by attorney. Such notice of motion must be filed within 180 days after such entry in the minutes or mailing as the case may be, and must be heard and determined within 30 days after the expiration of such 180 days, unless the court for good cause shown, shall extend the time for hearing and determination."

(now 180-day) limitation where the petitioner filed the motion to vacate and made a showing to the satisfaction of the court within the 90-day (now 180-day) period.

We must assume an awareness on the part of the Legislature of the construction that had been placed on section 1305 as constituted prior to 1985 and an intent to alter the law in those respects. The deletions of both the requirement for a noticed motion and the provision for a 30-day time period within which the motion would be heard were intended to alter the law in those particulars.

In the instant case, respondent failed to obtain relief from the forfeiture within 180 days as is required by the 1985 amendment. Respondent apparently followed the same procedure in effect before the 1985 amendments and simply placed the matter on the court's calendar for hearing on motion within 30 days after the expiration of the 180-day period.

■ The provisions of sections 1305 and 1306 must be strictly followed or the court acts without or in excess of its jurisdiction. (*Burtnett* v. *King* (1949) 33 Cal.2d 805, 807 [205 P.2d 657, 12 A.L.R.2d 333].) The burden is upon the bonding company seeking to set aside the forfeiture to establish by competent evidence that its case falls within the four corners of these statutory requirements. (*People* v. *Niccoli* (1951) 102 Cal.App.2d 814, 819 [228 P.2d 827].)

The course set out in a jurisdictional statute must be precisely followed or the court loses jurisdiction and its actions are void. (*Hansen* v. *Martin* (1883) 63 Cal. 282, 285.) ■ Respondent did not follow the provisions of section 1305 strictly or, indeed, at all. What then is the effect of respondent's following the same procedure set forth in the statute before it was amended?

Respondent contends that the purpose of the legislative amendments to section 1305 was "to facilitate relief from forfeiture" and that "the legislative trend has been to broaden relief, not to restrict it." Even though respondent acknowledges that "section 1305 was amended to delete altogether the express requirement for a noticed motion, including the time for hearing and determination," it does not have any comment or argument regarding the impact or effect of those amendments. In *People* v. *American Bankers Ins. Co.* (1991) 233 Cal.App.3d 561, 567 [284 Cal.Rptr. 617], our court noted, "We think American reads too much into the 1985 amendments." Herein, however, we think respondent reads too little into the amendments.

We continued in *People* v. *American Bankers Ins. Co., supra,* 233 Cal.App.3d 561, 567, by stating: "The new procedure requires that the *bail*

must notify the prosecuting attorney before any order setting aside forfeiture and exonerating bail is filed. In turn, the prosecuting attorney may request a hearing, *if one is desired.* If a hearing is requested, *the court* sets the matter for hearing and notifies all parties of the date and time. (§ 1305, subd. (a).) Thus the statute continues to require affirmative steps *by the bail* seeking relief, although it stops short of requiring that the bail notice a hearing. [¶] The statute is not a model of clarity. . . . Exactly how the bail requests relief, or what the required notice must contain, is not clear. We need not address those questions in this case, though, because American made no request for relief and gave no notice until after the statutory period expired. [¶] In our view the 1985 amendments were designed to simplify, and perhaps expedite, the procedure for obtaining relief from forfeiture . . . . The major change was to eliminate the need for a hearing *unless* one is requested by the prosecuting attorney. The significance of this change is clear—the Legislature has offered a less formal procedure, simplifying the process and eliminating the expenditure of valuable court time when a hearing is not needed nor desired by the parties."

Even though respondent still has a general statutory entitlement to bring a motion, it is not required by section 1305. Respondent's unilateral and unrequired filing of a noticed motion on the last day of the 180-day period does not operate to divest the trial court of jurisdiction to grant the motion for summary judgment while that motion is pending. Respondent cannot follow an outdated procedure, fail to follow the prescribed procedure and unilaterally grant itself an extension of the 180-day period.

Respondent argues that unless its motion can be heard outside of the original 180-day period it would have no recourse if the temporary disability were discovered on the 179th day. However, there is nothing in the statute that would preclude a party from obtaining a temporary tolling order pursuant to the applicable provisions of section 1305 subdivision (a)[5] to allow that party time for notice to the county counsel,[6] for county counsel to request a hearing, and for the court to set and hear the matter. Such order could be

---

[5]Section 1305, subdivision (a), provides in relevant part: ". . . If, within 180 days after the entry in the minutes or mailing, as the case may be, it is made to appear to the satisfaction of the court that the defendant is temporarily disabled by reason of illness, insanity, or detention by civil or military authorities and is, therefore, unable to appear in court at any time during the remainder of the 180 days and that the absence of the defendant has not been with the connivance of the bail, then the period of time during which the disability continues shall not be deemed part of the 180 days. Upon a finding by the court that a reasonable period of time is necessary in order to return the defendant to court upon the termination of the disability, then the period of time, as fixed by the court, shall not be deemed part of the 180 days."

[6]We use "county counsel" as a shorthand reference to the category of attorneys for the county or state enumerated in section 1305. The office handling bail forfeiture matters in this case was the county counsel.

obtained upon motion with a shortened period of notice or upon ex parte application; in either event, an appropriate showing to the trial court would need to be made.

We also note that respondent's notice of motion and declaration are legally insufficient. The basis for respondent's motion as stated in the declaration was, "THE DEFENDANT IS OUT OF THE COUNTRY. WE HAVE AN ADDRESS IN MEXICO AND SHOULD SURRENDER DEFENDANT PRIOR TO THIS MOTION."

Respondent's motion was brought upon a basis that is not included in section 1305. The defendant's temporary disability must be by reason of illness, insanity, or detention by civil or military authorities. Thus, even if the trial court accepted respondent's statements in their entirety, respondent's showing would have failed since the purported declaration attached to the notice of motion was totally insufficient as a matter of law. (Cf. *People* v. *Ramirez* (1976) 64 Cal.App.3d 391, 403 [134 Cal.Rptr. 511].)

## DISPOSITION

The order setting aside the summary judgment and exonerating the bond is reversed. Appellant is awarded costs on appeal.

Best, P. J., and Thaxter, J., concurred.

A petition for a rehearing was denied March 25, 1992, and respondent's petition for review by the Supreme Court was denied June 11, 1992.