[No. B150125. Second Dist., Div. One. June 5, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
RANGER INSURANCE COMPANY, Defendant and Appellant.

## COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Lloyd W. Pellman, County Counsel, Louis V. Aguilar, Assistant County Counsel, and Jonathan H. Geller, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**ORTEGA, J.**—A trial court prematurely entered summary judgment against appellant Ranger Insurance Company, a bail bond surety, before the extended 180-day period provided by Penal Code sections 1305 and 1305.4 had expired. After appellant's motion to set aside the summary judgment was denied, appellant appealed. We reverse with directions.

### BACKGROUND

On July 2, 1999, a criminal complaint was filed charging Meynor Mejia with two felony counts of possession of narcotics for sale and one misdemeanor count of falsely representing himself to a police officer. (Health & Saf. Code, §§ 11351.5, 11351; Pen. Code, § 148.9, subd. (a).) Bail, set at $30,000, was posted on July 9, 1999. Appellant is the surety on Mejia's bail bond.

Mejia failed to appear at a pretrial conference on September 15, 1999. The court entered an order of bail forfeiture on that date. The clerk mailed a notice of forfeiture to appellant on September 24, 1999.

■ Under Penal Code section 1305,[1] if the criminal "defendant appears voluntarily, is surrendered to custody by the bail, or is arrested in the underlying case under enumerated circumstances within 180 days of the date of forfeiture or of date of mailing of the notice by the clerk, the court on its own motion must vacate the order of forfeiture and exonerate the bond. (§ 1305, subd. (c)(1)-(4) . . . .)" *(People v. American Surety Ins. Co.* (1999) 75 Cal.App.4th 719, 723 [89 Cal.Rptr.2d 422].) Where, as in this case, the clerk has mailed the notice of forfeiture, the 180-day period is extended by 5 days for mailing. *(Ibid.)* Accordingly, where relevant, we will refer to the 180-day period as the 185-day period.

Section 1305.4 permits the surety to obtain an order extending the 185-day period for another 180 days upon a showing of good cause.[2] A motion to extend the 185-day period (extension motion) "filed in a timely manner within the 18[5]-day period may be heard within 30 days of the expiration of the 18[5]-day period. The court may extend the 30-day period upon a showing of good cause. . . ." (§ 1305, subd. (i).)

In this case, appellant filed an extension motion on the 185th day, March 27, 2000. The extension motion contended that efforts were underway to locate Mejia and stated the belief that, with more time, Mejia would be found and brought back to court.

The extension motion was set for hearing on April 26, 2000, which was within the 30-day period following the expiration of the 185-day period. On April 26, 2000, however, the extension motion was transferred to a different court, where it was reset for hearing on May 1, 2000, which was beyond the 30-day period following the expiration of the 185-day period.

Judge Christina L. Hill heard and granted the extension motion on May 1, 2000. Judge Hill found there was good cause to extend the 185-day period to October 10, 2000.

On June 15, 2000, another judge entered summary judgment against appellant under section 1306, subdivision (a).[3] The summary judgment order stated in part that the "forfeiture was not set aside within the 180 days allowed by law." The order did not mention Judge Hill's order of May 1, 2000, extending the 185-day period to October 10, 2000.

---

[1]All further statutory references are to the Penal Code.

[2]Section 1305.4 provides: "Notwithstanding Section 1305, the surety . . . may file a motion, based upon good cause, for an order extending the 180-day period provided in that section. The motion shall include a declaration or affidavit that states the reasons showing good cause to extend that period. The court, upon a hearing and a showing of good cause, may order the period extended to a time not exceeding 180 days from its order. A motion may be filed and calendared as provided in subdivision (i) of Section 1305."

[3]"When any bond is forfeited and the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture,

On October 30, 2000, appellant moved to set aside the summary judgment, discharge the forfeiture order, and exonerate bail. The motion contended the court had lacked jurisdiction to enter summary judgment on June 15 because Judge Hill had extended the 185-day period to October 10. The motion stated that any summary judgment entered before October 11 was "premature and void" under section 1306, subdivision (a).

Appellant contended its extension motion was timely filed and heard by Judge Hill. Appellant explained its extension motion originally had been set for "April 26, 2000, within the 30[-]day period provided in Penal Code [section] 1305[, subdivision] (i). [¶] On April 26, 2000, the court transferred the case from division 117 to division 30, and division 30 trailed the case to May 1, 2000. . . . [¶] Therefore, the motion for extension on this case was timely filed, timely heard, and timely granted, and the premature[] entry of summary judgment is void."

On April 10, 2001, the trial court (Judge Dale S. Fischer) refused to set aside the summary judgment, concluding that Judge Hill's May 1, 2000, hearing on the extension motion was "unquestionably outside the 30[-]day limitation set forth in Penal Code Section 1305[, subdivision] (i). The [May 1] hearing would have been timely had the record reflected the 'showing of good cause' statutorily required for the extension. Ranger's counsel points to nothing in the record that would meet the statutory test for good cause. There is nothing in the court minutes or docket to indicate an extension was granted on that basis, and Ranger provides no transcript from which this court could deduce that good cause existed. [¶] Therefore, [Judge Hill] had no jurisdiction to grant the motion to extend time under Penal Code section 1305.4 on May 1, 2000. The 185[-]day period within which to set aside the forfeiture expired on March 2[7], 2000, and the '90[-]day window' then began to run.[4] Apparently recognizing that [Judge Hill] had lacked jurisdiction to grant the motion to extend time on May 1, another bench officer entered summary judgment on June 15, 2000. This judgment unquestionably was entered within the 90 days. It is not premature. . . ."[5]

On May 8, 2001, appellant filed a notice of appeal.

regardless of the amount of the bail, shall enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound. . . ." (§ 1306, subd. (a).)

[4]The phrase "90-day window" refers to section 1306, subdivision (c), which states: "If, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to this section, summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated."

[5]In further explanation of its ruling, the trial court stated: "Had the summary judgment not been entered, it is likely counsel for Ranger would claim, as they did in County of Los Angeles v. Noble Ins. Co., 84 Cal.App.4th 939 [101 Cal.Rptr.2d 320] (2000), that good cause had not been shown for the extension and that, therefore, the extension pursuant to Penal Code section 1305.4 was without jurisdiction and was void. (It would then be argued that

DISCUSSION

■ "The object of bail and its forfeiture is to insure the attendance of the accused and his obedience to the orders and judgment of the court. In matters of this kind there should be no element of revenue to the state nor punishment of the surety. [Citation.]" (*People v. Wilcox* (1960) 53 Cal.2d 651, 657 [2 Cal.Rptr. 754, 349 P.2d 522, 78 A.L.R.2d 1174].) "Moreover, because the law disfavors forfeitures and statutes imposing them, sections 1305 and 1306 are strictly construed in favor of the surety to avoid harsh results. [Citations.]" (*People v. American Surety Ins. Co., supra,* 75 Cal.App.4th at p. 725.) "The provisions of sections 1305 and 1306 must be strictly followed or the court acts without or in excess of its jurisdiction. (*Burtnett* [v]. *King* (1949) 33 Cal.2d 805, 807 [205 P.2d 657, 12 A.L.R.2d 333].)" (*People v. American Bankers Ins. Co.* (1992) 4 Cal.App.4th 348, 354 [5 Cal.Rptr.2d 620].)

■ Here, Judge Fischer refused to set aside the summary judgment after concluding that Judge Hill had lacked good cause to hear the extension motion on May 1, 2000, which was after the initial 30-day period of section 1305.4 had expired. In effect, Judge Fischer purported to overrule Judge Hill's extension order as erroneous. ■ While a void order issued by a court lacking jurisdiction may be recalled, "[h]aving jurisdiction a court has the power to decide wrongly as well as rightly. [Where jurisdiction exists and] the court's determination otherwise was not void but merely erroneous, [it may be] corrected only on appeal." (*People v. McGillis* (1958) 166 Cal.App.2d 91, 94 [332 P.2d 706].)

■ Judge Hill did not lack jurisdiction over the extension motion. Section 1305.4, which permits extension motions to be heard within 30 days after expiration of the 185-day period, also allows additional 30-day extensions for good cause. This statute must be construed strictly in favor of the surety. (See *People v. American Bankers Ins. Co., supra,* 4 Cal.App.4th at p. 354.) By concluding Judge Hill erred in implicitly granting an additional 30-day extension, Judge Fischer erroneously construed section 1305.4 against the surety. Judge Hill was not assigned this case until the date on which the motion originally was to be heard in another division. Judge Hill, for reasons not stated in the record, set a new hearing date of May 1, thereby implicitly granting an additional 30-day extension on her own motion. In so doing, Judge Hill did not lose jurisdiction to grant the requested relief. We

summary judgment entered within 90 days after that date was void.) The distinction there is that the appellate court concluded that 'the record, as a whole, supports the findings of good cause set out in each of its minute orders . . . .' Here, there are no minute orders stating good cause and no record was presented to establish good cause."

follow the Supreme Court's reasoning in *People v. Wilcox, supra*, 53 Cal.2d at page 657, in reaching this conclusion.

In *Wilcox*, the surety of a bail bond moved to vacate the forfeiture of bail and to reinstate and exonerate the bond. The surety filed its motion on the last day on which relief could be sought under section 1305, which at that time was 90 days after entry of the order of forfeiture. The trial court granted the requested relief after the expiration of the 90-day period and the People appealed. In part, the People challenged the trial court's jurisdiction to grant the requested relief *after* the 90-day period had expired. In rejecting this contention, the Supreme Court stated: "If relief may be applied for at any time within the 90-day period certainly the court can[]not be expected to act on the application before the end of the period. Section 1306 can[]not be construed to require a summary judgment when the court has pending before it an application for relief under section 1305 at the end of the 90-day period. As the relief sought in the present case was commenced within the statutory period the court did not lose jurisdiction to grant that relief and to set aside the forfeiture." (*People v. Wilcox, supra*, 53 Cal.2d at p. 657.)

Similarly, in this case, appellant filed the extension motion on the 185th or last day on which relief could timely be sought under section 1305. Initially, the extension motion was set for hearing within the 30-day period of section 1305.4. Then, however, through no act of appellant, the court transferred the matter to Judge Hill, who reset the hearing for May 1, and implicitly granted an additional 30-day extension. Under the rationale of *People v. Wilcox, supra*, 53 Cal.2d at page 657, Judge Hill, having received the case on the original hearing date, was not expected to rule on the motion before the end of the initial 30-day hearing period. As in *Wilcox*, because the surety had filed the motion within the statutory period, Judge Hill retained jurisdiction to grant the requested relief and extend the 185-day period. (*Ibid.*) To the extent the "good cause" language of section 1305.4 is relevant to this appeal, we find Judge Hill's internal court scheduling needs constituted good cause to extend the 30-day hearing period as a matter of law. The record contains nothing to contradict our finding, which furthers the policy disfavoring forfeitures and the statutes imposing them.

Given our determination that Judge Hill retained jurisdiction to grant the extension motion on May 1, 2000, the order extending the 185-day period to October 10, 2000, was valid. It necessarily follows that the summary judgment order of June 15, 2000, "was prematurely entered during that extension period, and was therefore void." (*People v. International Fidelity Ins. Co.* (2001) 92 Cal.App.4th 470, 475 [112 Cal.Rptr.2d 1].) We thus reverse the order denying the motion to set aside the summary judgment, and direct that the motion be granted on remand.

Appellant also contends the bond must be exonerated due to the court's failure to enter summary judgment within 90 days after October 10, 2000. (§ 1306, subd. (c) ["If, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to this section, summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated."].) As the time for entering summary judgment expired before the notice of appeal was filed, we agree with appellant. (*Ibid.*) Accordingly, we also direct the trial court on remand to grant the motions to discharge the forfeiture order and exonerate the bond.

## DISPOSITION

We reverse the order denying appellant's motion to set aside the summary judgment. We direct the trial court on remand to grant the motions to set aside the summary judgment, discharge the forfeiture order, and exonerate the bond. Appellant is awarded costs.

Spencer, P. J., and Mallano, J., concurred.

On July 1, 2002, the opinion was modified to read as printed above.