[No. B027515. Second Dist., Div. Four. July 21, 1988.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v.
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,
Defendant and Appellant.

COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

De Witt W. Clinton, County Counsel, S. Robert Ambrose, Assistant County Counsel, and Tighe F. Hudson, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**GOERTZEN, J.**—American Banker's Insurance Company of Florida (surety) appeals the order denying its motion to vacate the forfeiture of a $10,000 bail bond posted by the surety to secure the release of a criminal defendant.

The defendant failed to appear in court as ordered on July 11, 1986, and a bench warrant issued. On July 18, 1986, bail was forfeited and the bench warrant was released for service. On July 18, 1986, notice of the forfeiture was sent to the surety and his agent by mail.

On October 8, 1986, the defendant appeared in court pursuant to an arrest on the bench warrant. Defendant was remanded to custody in the county jail and remained in custody until January 16, 1987, when he was sentenced.

After 180 days elapsed from the declaration of the forfeiture and on January 21, 1987, a demand for payment of the bond was sent to the surety. On March 13, 1987, the surety moved to set aside the forfeiture and exonerate the bond. On April 2, 1987, the motion was denied. Thereafter, on April 10, 1987, the trial court entered an order for summary judgment on behalf of the county.

The surety contends: "Failure to exonerate bail upon defendant's reappearance deprived the court of jurisdiction and released the surety from obligation."

The surety argues that, pursuant to the 1985 amendment to Penal Code section 1305, the trial court was required sua sponte to set aside the forfeiture and order the exoneration of the bond immediately upon the defendant's reappearance in court on the bench warrant. The surety also urges that due process of law requires that the county give notice to the surety, bail agent, and the district attorney of a defendant's reappearance in

court after the forfeiture of a bail bond, and the failure to do so results in a loss of jurisdiction to forfeit the bond.[1]

This contention fails.

■■■ We have examined the 1985 changes in Penal Code section 1305, as well as the 1985 amendment's legislative history as provided to us by the Legislative Intent Service. (Stats. 1985, ch. 1486, § 1, p. 5481; *Commodore Home Systems, Inc.* v. *Superior Court* (1982) 32 Cal.3d 211, 219 [185 Cal.Rptr. 270, 649 P.2d 912].)

The purpose of the 1985 amendment to section 1305 was to eliminate the need for the surety or bail agent to routinely appear with a defendant in a hearing in order to obtain an order setting aside a forfeiture. It also requires that the terms of setting aside a forfeiture be the same regardless of the form of pretrial release securing a defendant's appearance. (Summary of the Sen. Com. on Ins., Claims and Corporations regarding Sen. Bill No. 673, as amended May 6, 1985; Rep. upon the Assem.'s 3d Reading of SB 673, as amended Aug. 28, 1985; Aug. 1985 Conference Rep. Analysis by Jim Cathcart, Consultant to the Sen. Com. on Ins., Claims and Corporations on Sen. Bill No. 673.)

---

[1] As amended, the 1986 version of Penal Code section 1305 provided in pertinent part: "(a) If, without sufficient excuse, the defendant neglects to appear . . . upon any . . . occasion when his or her presence in court is lawfully required, . . . the court must direct the fact to be entered upon its minutes, and the undertaking of bail, . . . must thereupon be declared forfeited, and, . . . the clerk of the court shall, promptly upon entering the fact of such failure to appear in the minutes, mail notice of the forfeiture to the surety on the bond . . . . If the clerk fails to mail such notice within 30 days after such entry, the surety or depositor shall be released from all obligations under the bond.

"But if at any time . . . within 180 days after mailing such notice of forfeiture, the defendant appears, and satisfactorily excuse [*sic*] the defendant's neglect or show [*sic*] to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail, the court shall, under terms as may be just and that are equal with respect to all forms of pretrial release, direct the forfeiture of the undertaking . . . to be set aside and the bail . . . exonerated immediately. . . . If at any time within 180 days after such entry in the minutes or mailing as the case may be, the bail should surrender the defendant to the court or to custody, the court shall under terms as may be just direct the forfeiture of the undertaking . . . to be set aside and the bail . . . exonerated immediately.

"If within 180 days after such entry in the minutes or mailing as the case may be, it is made to appear to the satisfaction of the court that the defendant is dead or is otherwise permanently unable to appear in court due to illness, insanity, or detention by civil or military authorities, and that the absence of the defendant was not with the connivance of the bail, the court shall, . . . direct the forfeiture of the undertaking . . . to be set aside and the bail . . . exonerated immediately. . . .

"Unless waived by the district attorney or other prosecuting attorney, no order discharging the forfeiture of the undertaking or deposit shall be made without notice by the bail to the district attorney or prosecuting attorney, who may request a hearing within 10 days after receipt of the notice. The court shall then set the date, time, and place of hearing and give notice to the district attorney or prosecuting attorney and to the bail."

The 1985 amendment, however, does not otherwise relieve the bail of its responsibility under the existing terms of the statute to appear within 180 days of the forfeiture and move to set the forfeiture aside after the trial court has exercised its discretion and left in effect the order forfeiting bail. (Rep. from Conf. Com. No. 1 on Sen. Bill No. 673, as amended Sept. 10, 1985.)

Since the trial court exercised its discretion on October 8, 1986, and let the earlier order forfeiting bail remain in effect and, thereafter, the surety and its agent failed to move to set aside the forfeiture within 180 days of the notice of forfeiture, the trial court was without jurisdiction in March of 1987 to vacate the order of forfeiture and exonerate the bond. (Pen. Code, § 1305; *People* v. *Souza* (1984) 156 Cal.App.3d 834, 840 [203 Cal.Rptr. 80].) The 1985 amendment to Penal Code section 1305 does not require the trial court to automatically order the forfeiture be set aside when a defendant appears in court after a forfeiture on a bench warrant.

As for the surety's due process argument, the surety cites in support of its claim the decision in *People* v. *Surety Ins. Co.* (1977) 76 Cal.App.3d 57 [143 Cal.Rptr. 47]. In *Surety,* the surety posted a $10,000 appeal bond on behalf of a criminal defendant following the defendant's conviction of a felony. The bond was subsequently ordered forfeited on the same date as the surety and his agent received notice of the receipt of the remittitur and a direction the defendant should be surrendered. Penal Code section 1305 contains no procedure for the surrender of defendant on an appeal bond after the issuance of the remittitur.

The *Surety* court held that a surety was entitled to a reasonable time to produce the defendant after receipt of notice that the remittitur had been filed. Thus, in order to save the statute from constitutional attack, the *Surety* court read into Penal Code section 1305 a requirement that the surety be given ". . . reasonable notice of the filing of the remittitur and a reasonable time within which to surrender the defendant before suffering a forfeiture of the bond. . . ." (*Id.* at p. 63.)

The *Surety* case is not on point. The prejudgment conditions for bail forfeiture, setting aside a forfeiture, notice to the bail and his agent and surrender of a defendant, are expressly set forth in Penal Code section 1305. Due process of law merely requires that, before the bail is forfeited, the surety be given notice of the forfeiture and a hearing. (*People* v. *Surety Insurance Co.* (1978) 82 Cal.App.3d 229, 236-240 [147 Cal.Rptr. 65]; *People* v. *Surety Ins. Co., supra,* 76 Cal.App.3d 57, 61.)

Provisions for notice upon forfeiture and hearing by means of a motion setting aside the forfeiture are provided for in Penal Code section 1305. There is no need for this court to read into the statute any further conditions of notice or hearing.

The *Surety* court said: "Under the bail scheme established by Penal Code section 1305, the primary responsibility for making the necessary appearances is on the defendant. It is the defendant with whom the court is dealing. It is his appearance which the sureties guarantee and it is his nonappearance which triggers court action on the bond.

"Penal Code section 1305 protects the surety by requiring the clerk to give prompt notice of the forfeiture and a failure to do so frees the surety of responsibility. Implicit in this scheme is the concept that the surety, upon learning of the default of defendant, shall have an opportunity to locate him and surrender him. The time afforded the surety to locate and surrender the defendant is basically six months—a reasonable period of time. Of course, if defendant's nonappearance is without excuse the surety must suffer the consequences. That is the nature of the contract. The surety is afforded ample opportunity to establish a valid excuse for the nonappearance. Thus the general scheme meets the test of due process at least insofar as the usual scheduled trial court appearances are concerned." (*People* v. *Surety Ins. Co., supra,* 76 Cal.App.3d at p. 62; see also, *People* v. *Surety Insurance Co., supra,* 82 Cal.App.3d at pp. 236-240.)

Further, the defendant's appearance in court pursuant to his arrest on the bench warrant is not a fact peculiarly within the knowledge of the trial court, thus requiring it to give notice to the surety before it can proceed to judgment on the forfeiture. The arrest and further incarceration in the local jail facility of an absconding defendant is a predictable event, and the surety does not assert any difficulty in locating defendants in local county jail facilities. Further, the defendant's appearance in court could have been promptly discovered by a mere perusal of the court file.

There is no denial of due process by the terms of Penal Code section 1305. (*People* v. *Surety Insurance Co., supra,* 82 Cal.App.3d at pp. 236-240; *People* v. *Surety Ins. Co., supra,* 76 Cal.App.3d 57.)

■ Moreover, even assuming that the surety is correct in asserting it is entitled to notice of defendant's appearance in court on the bench warrant, the surety has failed to present this court with an appellate record demonstrating the defendant had a satisfactory excuse for his nonappearance, or that the absence of the defendant was without the connivance of the bail,

the prerequisite finding to the trial court's order setting aside the forfeiture. (Pen. Code, § 1305.)

The clerk of the superior court was unable to provide to this court as part of the appellate record the surety's motion to set aside the forfeiture. The motion would have disclosed the surety's grounds for setting aside the forfeiture. The surety was given notice the motion was missing from the court file and thereafter failed to supply the clerk of the superior court with a copy of its motion for inclusion in the appellate record.

The surety has thus failed to show it was likely it would have prevailed had it been given a meaningful opportunity to obtain relief. In the absence of such a showing, the surety is not entitled to prevail on appeal. (*People* v. *Surety Ins. Co., supra,* 76 Cal.App.3d at pp. 63-64.)

The order denying the motion to vacate the forfeiture is affirmed.

Woods, P. J., and George, J., concurred.

A petition for a rehearing was denied August 9, 1988, and appellant's petition for review by the Supreme Court was denied October 13, 1988.