[No. B120848. Second Dist., Div. Five. Oct. 7, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
AMERICAN SURETY INSURANCE COMPANY, Defendant and
Appellant.

COUNSEL

Brendan Pegg for Defendant and Appellant.

Gil Garcetti, District Attorney, George M. Palmer, William Woods and Shirley S. N. Sun, Deputy District Attorneys, for Plaintiff and Respondent.

OPINION

TURNER, P. J.—

## I. INTRODUCTION

American Surety Insurance Company (American) appeals from an order denying a Penal Code[1] section 1305.4 motion to extend the 180-day period to vacate a forfeiture of a bail bond. We conclude the trial court did not abuse its discretion in concluding insufficient notice of hearing of the request to vacate the forfeiture was given and the motion itself was untimely. We affirm.

## II. BACKGROUND

On May 31, 1997, American posted a $40,000 bail bond for the release of the defendant in the case of People v. Atkins (Super. Ct. L.A. County, No. BA150491). The defendant, who was charged with assault with a deadly weapon (§ 245, subd. (a)(1)), was ordered to appear on June 25, 1997. The defendant did not appear on June 25, 1997. However, the defendant's public defender was present. The trial court issued a bench warrant, which was held until July 1, 1997. The court also ordered the bail to stand and continued the matter to July 1, 1997, for arraignment and plea. On July 1, 1997, defendant failed to appear and bail was ordered forfeited. On July 11, 1997, the clerk of the court mailed a notice of the forfeiture order to American and its agent, ACME Bail.

On January 8, 1998, American filed a motion to vacate forfeiture and to reinstate and exonerate the bail bond. The motion was made on the ground the trial court lost jurisdiction to declare a forfeiture on July 1, 1997. This was because the trial court failed to declare a forfeiture when the defendant did not appear at the June 25, 1997, hearing. American argued that the court was required by section 1305 to declare a forfeiture where no good cause was shown by the deputy public defender for the defendant for the failure to

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

appear at the June 25, 1997, hearing. On January 26, 1998, the trial court continued the hearing on the motion to vacate the forfeiture to February 25, 1998, for American to obtain a copy of the transcript from the June 25, 1997, hearing when the defendant failed to appear. The continuance was to allow American to present evidence as to whether the defendant's deputy public defender had stated an adequate basis for the failure to appear.

On February 23, 1998, American filed a document entitled: "SUPPLEMENTAL POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE FORFEITURE, REINSTATE AND EXONERATE BAIL; OR IN THE ALTERNATIVE TO EXTEND TIME . . . ." In this document, American withdrew its motion to vacate the forfeiture. Counsel for American admitted the record established good cause for the trial court's not ordering a forfeiture when the defendant did not appear at the June 25, 1997, hearing. American then requested a 90-day extension of the 180-day period pursuant to section 1305.4. On February 25, 1998, the trial court denied the motion to extend the 180-day period pursuant to section 1305.4 on two grounds. The first ground for denying the extension was that it was not filed within the 185-day period. The second ground for the denial of the motion was that no notice of motion was given to the prosecuting agency. The trial court concluded it lacked jurisdiction under such circumstances to grant the motion. On March 19, 1998, American filed a notice of appeal "from the special order after final judgment entered on February 25, 1998." The People have moved to dismiss the appeal.

### III. DISCUSSION

#### A. *Appealability*

■ We disagree with the People's contention that the appeal must be dismissed on the sole ground that the denial of a motion to extend is not an appealable order. As the People conceded in a letter brief, this court has the discretion to deem the appeal to be from the subsequently entered summary judgment. The summary judgment was entered after the notice of appeal was filed. (Cal. Rules of Court, rule 2(c); *Stonewall Ins. Co.* v. *City of Palos Verdes Estates* (1996) 46 Cal.App.4th 1810, 1827-1828 [54 Cal.Rptr.2d 176]; see also *County of Los Angeles* v. *American Bankers Ins. Co.* (1996) 44 Cal.App.4th 792, 795, 797 [52 Cal.Rptr.2d 75] [consent summary judgment against bail bond was appealable to determine whether there was compliance with sections 1305 and 1306]; *People* v. *Wilshire Ins. Co.* (1975) 46 Cal.App.3d 216, 219 [119 Cal.Rptr. 917].)

#### B. *The Forfeiture Statutes*

Under section 1305, subdivision (a), a court is required to declare a forfeiture of bail where the defendant fails to appear in court without

sufficient excuse. The clerk of the court is required to mail notice of the forfeiture to the surety within 30 days of the entry of the order against the surety. (§ 1305, subd. (b).) If defendant appears voluntarily, is surrendered to custody by the bail, or is arrested in the underlying case under enumerated circumstances within 180 days of the date of forfeiture or of date of mailing of the notice by the clerk, the court on its own motion must vacate the order of forfeiture and exonerate the bond. (§ 1305, subd. (c)(1)-(4); *People* v. *American Contractors Indemnity* (1999) 74 Cal.App.4th 1037, 1041-1042 [88 Cal.Rptr.2d 572]; *County of San Bernardino* v. *Ranger Ins. Co.* (1995) 34 Cal.App.4th 1140, 1148 [41 Cal.Rptr.2d 57].) The forfeiture was declared on July 1, 1997. Written notice of the forfeiture was mailed on July 11, 1997. Section 1305, subdivision (c)(1) provides that the 180-day period begins to run "within 180 days of the date of. forfeiture or within 180 days of the date of mailing of the notice if the notice is required under subdivision (b) . . . ."[2] One hundred eighty days after July 11, 1997, was January 8, 1998. However, the 180-day period was then extended by 5 days for mailing; therefore, the statutory period to move to set aside a forfeiture expired on January 12, 1998. (§ 1305, subds. (b) & (c); *County of Los Angeles* v. *Ranger Ins. Co.* (1999) 70 Cal.App.4th 10, 12-13, fn. 2, & 16-17 [82 Cal.Rptr.2d

---

[2]Penal Code section 1305, subdivision (c) provides: "(c)(1) If the defendant appears either voluntarily or in custody after surrender or arrest in court within 180 days of the date of forfeiture or within 180 days of the date of mailing of the notice if the notice is required under subdivision (b), the court shall, on its own motion at the time the defendant first appears in court on the case in which the forfeiture was entered, direct the order of forfeiture to be vacated and the bond exonerated. If the court fails to so act on its own motion, then the surety's or depositor's obligations under the bond shall be immediately vacated and the bond exonerated. An order vacating the forfeiture and exonerating the bond may be made on terms that are just and do not exceed the terms imposed in similar situations with respect to other forms of pretrial release. [¶] (2) If, within the county where the case is located, the defendant is surrendered to custody by the bail or is arrested in the underlying case within the 180-day period, and is subsequently released from custody prior to an appearance in court, the court shall, on its own motion, direct the order of forfeiture to be vacated and the bond exonerated. If the court fails to so act on its own motion, then the surety's or depositor's obligations under the bond shall be immediately vacated and the bond exonerated. An order vacating the forfeiture and exonerating the bond may be made on terms that are just and do not exceed the terms imposed in similar situations with respect to other forms of pretrial release. [¶] (3) If, outside the county where the case is located, the defendant is surrendered to custody by the bail or is arrested in the underlying case within the 180-day period, the court shall vacate the forfeiture and exonerate the bail. [¶] (4) Except as provided in paragraphs (1) and (2), the court, in its discretion, may require that the bail provide 10 days' prior notice to the applicable prosecuting agency, as a condition precedent to vacating the forfeiture. The notice may be given by the surety insurer, the bail agent, the surety, or the depositor of money or property, any of whom may appear in person or through an attorney. A motion filed in a timely manner within the 180-day period may be heard within 30 days of the expiration of the 180-day period. The court may extend the 30-day period upon a showing of good cause. [¶] In lieu of exonerating the bond, the court may order the bail reinstated and the defendant released on the same bond if both of the following conditions are met: [¶] (A) The bail is given prior notice of the reinstatement. [¶] (B) The bail has not surrendered the defendant."

214]; *County of Los Angeles* v. *National Automobile & Casualty Ins. Co.* (1998) 67 Cal.App.4th 271, 275, fn. 2 [79 Cal.Rptr.2d 5]; *People* v. *Ranger Ins. Co.* (1998) 61 Cal.App.4th 812, 820 [71 Cal.Rptr.2d 806].)

█ In this case, the primary issue is whether the trial court properly determined, that on February 25, 1998, it lacked jurisdiction to extend the 180-day period pursuant to section 1305.4. Section 1305.4 provides: "Notwithstanding Section 1305, the surety or depositor may file a motion, based upon good cause, for an order extending the 180-day period provided in that section. The motion shall include a declaration or affidavit that states the reasons showing good cause to extend that period. The motion shall be duly served on the prosecuting agency at least 10 days prior to the hearing date. The court, upon a hearing and a showing of good cause, may order the period extended to a time not exceeding 180 days from its order."

█ In interpreting statutes the California Supreme Court has held: "The goal of statutory construction is to ascertain and effectuate the intent of the Legislature. [Citation.] Ordinarily, the words of the statute provide the most reliable indication of legislative intent. [Citation.]" (*Pacific Gas & Electric Co.* v. *County of Stanislaus* (1997) 16 Cal.4th 1143, 1152 [69 Cal.Rptr.2d 329, 947 P.2d 291].) The Supreme Court has also emphasized that the words in the statute must be given a "commonsense" meaning as follows: " '[The] first step [in determining the Legislature's intent] is to scrutinize the actual words of the statute, giving them a plain and commonsense meaning. (*Mercer* v. *Department of Motor Vehicles* (1991) 53 Cal.3d 753, 763 . . . ; *Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 . . . .)' " (*California Teachers Assn.* v. *Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 633 [59 Cal.Rptr.2d 671, 927 P.2d 1175].) Further, the California Supreme Court has noted: " 'If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) . . . .' " (*Delaney* v. *Superior Court* (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934].) █ However, the literal meaning of a statute must be in accord with its purpose as the Supreme Court noted in *Lakin* v. *Watkins Associated Industries* (1993) 6 Cal.4th 644, 658-659 [25 Cal.Rptr.2d 109, 863 P.2d 179] as follows: "We are not prohibited 'from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute. The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.] Literal construction should not prevail if it is contrary to the legislative intent

apparent in the [statute] . . . .' " In *Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299], our Supreme Court added: "The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. [Citations.] An interpretation that renders related provisions nugatory must be avoided [citation]; each sentence must be read not in isolation but in light of the statutory scheme [citation] . . . ." The Supreme Court has held: " 'The courts must give statutes a reasonable construction which conforms to the apparent purpose and intention of the lawmakers.' (*Clean Air Constituency* v. *California State Air Resources Bd.* (1974) 11 Cal.3d 801, 813 . . . .)" (*Webster* v. *Superior Court* (1988) 46 Cal.3d 338, 344 [250 Cal.Rptr. 268, 758 P.2d 596].) Further, the Supreme Court has held: "We have recognized that a wide variety of factors may illuminate the legislative design, ' "such as context, the object in view, the evils to be remedied, the history of the time and of legislation upon the same subject, public policy and contemporaneous construction." ' (*In re Marriage of Bouquet* [(1976)] 16 Cal.3d 583, 587 . . . quoting *Alford* v. *Pierno* (1972) 27 Cal.App.3d 682, 688 . . . .)" (*Walters* v. *Weed* (1988) 45 Cal.3d 1, 10 [246 Cal.Rptr. 5, 752 P.2d 443].)

■ The purpose of bail and forfeiture statutes is to insure the attendance of the accused and his obedience to court orders and judgments. (*People* v. *Wilcox* (1960) 53 Cal.2d 651, 656-657 [2 Cal.Rptr. 754, 349 P.2d 522, 78 A.L.R.2d 1174]; *County of Los Angeles* v. *Ranger Ins. Co., supra,* 70 Cal.App.4th at p. 16; *In re Samano* (1995) 31 Cal.App.4th 984, 992 [37 Cal.Rptr.2d 491].) It does not have as a goal revenue for the state or punishment to the surety. (*People* v. *Wilcox, supra,* 53 Cal.2d at p. 657; *County of Los Angeles* v. *Ranger Ins. Co., supra,* 70 Cal.App.4th at p. 16.) Moreover, because the law disfavors forfeitures and statutes imposing them, sections 1305 and 1306 are strictly construed in favor of the surety to avoid harsh results. (*People* v. *Amwest Surety Ins. Co.* (1997) 56 Cal.App.4th 915, 921 [66 Cal.Rptr.2d 29]; *People* v. *Ranger Ins. Co.* (1996) 51 Cal.App.4th 1379, 1384 [59 Cal.Rptr.2d 777]; *People* v. *American Bankers Ins. Co.* (1991) 227 Cal.App.3d 1289, 1294 [278 Cal.Rptr. 314].) The Court of Appeal has digested the relevant decisional authority as follows: "The provisions of sections 1305 and 1306 must be strictly followed or the court acts without or in excess of its jurisdiction. (*Burtnett* v. *King* (1949) 33 Cal.2d 805, 807 . . . .) The burden is upon the bonding company seeking to set aside the forfeiture to establish by competent evidence that its case falls within the four corners of these statutory requirements. (*People* v. *Niccoli* (1951) 102 Cal.App.2d 814, 819 . . . .) [¶] The course set out in a jurisdictional statute must be precisely followed or the court loses jurisdiction and its actions are void. (*Hansen* v. *Martin* (1883) 63 Cal. 282, 285.)" (*People* v. *American Bankers Ins. Co.* (1992) 4 Cal.App.4th 348, 354 [5 Cal.Rptr.2d 620].)

## C. *The Motion to Extend*

American contends the trial court erred in determining, on February 25, 1998, that it lacked jurisdiction to hear a section 1305.4 request to extend the 180-day period which had expired on January 12, 1998. The trial court determined the motion for extension should be denied because American did not give sufficient notice to the prosecuting agency. Further, the trial court determined the motion itself was untimely. We examine these contentions utilizing the deferential abuse of discretion standard of review. (*People* v. *Wilcox, supra,* 53 Cal.2d at p. 686; *People* v. *Ranger Ins. Co., supra,* 51 Cal.App.4th at p. 1383.) We find no abuse of discretion.

First, the trial court correctly concluded that the motion did not comply with the express provisions of section 1305.4, which requires 10 days' notice to the prosecuting agency. The request for extension was made under the following circumstances. On January 8, 1998, four days before the 180-day period expired, American filed a motion to vacate forfeiture. The motion was served by mail on January 7, 1998. The notice of motion made no reference to the fact that an extension was being sought or the grounds for such relief as required by rule 311(a) of the California Rules of Court. (*Taliaferro* v. *Riddle* (1959) 167 Cal.App.2d 567, 570 [334 P.2d 950]; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1999) ¶ 9:38, pp. 9(1)-20 to 9(1)-20.1.) There was no request to extend the 180-day period anywhere in the motion, be it in the notice or any supporting papers. The motion was noticed for hearing on January 26, 1998, and continued to February 25, 1998. The first time the request for an extension was made was on February 23, 1998, when American filed supplemental papers regarding the motion to vacate the forfeiture. The supplemental papers were served on February 23, 1998, two days before the continued hearing on the motion to vacate the forfeiture. Section 1305.4 specifically requires a motion for an extension be served at least 10 days before the hearing date. Thus, the trial court correctly concluded that the request for extension which was made in the supplemental papers filed on February 23, 1998, did not comply with the notice requirements of section 1305.4. (Cf. *People* v. *American Contractors Indemnity, supra,* 74 Cal.App.4th at p. 1049 [motion to vacate forfeiture pursuant to section 1305, subdivision (c)(4) could be denied because of failure to give proper notice pursuant to Code of Civil Procedure section 1005, subdivision (b)].)

Furthermore, there is no merit to American's contention that service of the motion to vacate forfeiture on January 8, 1998, was sufficient notice of a request for an extension under section 1305.4. There was no indication

anywhere in the motion to vacate the forfeiture, filed with the court on January 8, 1998, that American intended to request an extension of the 180-day period. Rather, the record shows that American initially contended that the trial court had erred in failing to declare a forfeiture when the defendant failed to appear on June 25, 1997. American did not allege or establish any basis for an extension of time in the initially filed papers on January 8, 1998, in the motion to vacate forfeiture. (Cf. *People* v. *Resolute Ins. Co.* (1975) 46 Cal.App.3d 249, 254-255 [120 Cal.Rptr. 17] [motion to vacate forfeiture contained sufficient facts to establish a basis for tolling].) Accordingly, the trial court correctly concluded that two days was insufficient notice to satisfy the provisions of section 1305.4.

Second, we disagree with American's contention the request was timely because there is no express time limit for bringing such a motion in section 1305.4. American argues that a motion to extend the 180-day period can be made anytime because section 1305.4 does not say otherwise. As noted above, the 180-day period expired on January 12, 1998. Although American filed a motion to vacate forfeiture on January 8, 1998, it did not file a request to extend the 180-day period prior to the expiration date of January 12, 1998. Section 1305.4 provides that the court may *extend* the 180-day period. However, once the period has expired there is nothing left to extend. Common sense compels the conclusion that a trial court cannot extend a time period that has already expired. We must use common sense when construing a statute. (*California Teachers Assn.* v. *Governing Bd. of Rialto Unified School Dist., supra,* 14 Cal.4th at p. 633; *Mercer* v. *Department of Motor Vehicles* (1991) 53 Cal.3d 753, 763 [280 Cal.Rptr. 745, 809 P.2d 404].) Under such circumstances, the trial court did not err in determining the request to extend the 180-day period was untimely because it was filed after the period expired. Moreover, our conclusion is consistent with authorities which have concluded that applications to toll the 180-day period must be made before it expires, or the court loses jurisdiction to grant relief. (See *County of Los Angeles* v. *National Automobile & Casualty Ins. Co., supra,* 67 Cal.App.4th at pp. 274-279 [trial court lacked jurisdiction to hear tolling motion filed under section 1305, subdivision (e) which was heard after 180-day period expired].) *County of Los Angeles* v. *American Bankers Ins. Co.* (1996) 44 Cal.App.4th 792, 797 [52 Cal.Rptr.2d 75] [request for relief including tolling under section 1305, subdivision (e) must be requested prior to the expiration of the 180-day period]; *People* v. *Topa Ins. Co.* (1995) 32 Cal.App.4th 296, 300-301 [38 Cal.Rptr.2d 167] [interpreting former sections 1305 and 1306 to provide court lacked jurisdiction to do anything other than enter summary judgment where the 180-day period has expired and there has

been no tolling of the 180-day period].)[3] Because the request for the extension was made after the 180-day period had expired, the trial court did not err in refusing to extend the statutory period.

## IV. DISPOSITION

The order under review is affirmed. The People are awarded their costs on appeal from American Surety Insurance Company.

Armstrong, J., and Godoy Perez, J., concurred.

On October 22, 1999, the opinion was modified to read as printed above.

---

[3]The only basis for obtaining a hearing after the statutory period has expired appears to be under the limited circumstances of section 1305, subdivision (c), which provides for a motion to vacate a forfeiture under narrowly enumerated circumstances. Section 1305, subdivision (c)(4) allows the court to extend the 180-day period for up to 30 days when the accused is in court or has been taken into custody in certain circumstances. Under section 1305, subdivision (c)(4), a court has jurisdiction to hear a motion to vacate a forfeiture which has been filed in timely manner, within 30 days of the expiration of the 180-day period. The 30-day period may be extended upon a showing of good cause. Thus, the last date possible date on which the court had jurisdiction to grant relief from the forfeiture was on March 13, 1998, unless the trial court found that the time should had been tolled (§ 1305, subd. (e)) or extended. (§ 1305.4.) However, the fact that a motion under section 1305 to vacate forfeiture may be heard after the expiration of the 180-day period does not mean that the same rule applies to a motion to extend the 180-day period under section 1305.4. (See *People* v. *American Contractors Indemnity*, *supra*, 74 Cal.App.4th at p. 1047 [motion to vacate forfeiture under circumstances set forth in subdivision (c) of section 1305 is limited to specific criteria set forth therein]; *County of Los Angeles* v. *National Automobile & Casualty Ins. Co.*, *supra*, 67 Cal.App.4th at pp. 274-279 [30-day language of subdivision (c)(4) did not apply to tolling statute in subdivision (e) of section 1305 so that motion heard after 180-day period expired was untimely].) Moreover, this issue was not raised in the trial court and has been waived. (*People* v. *Saunders* (1993) 5 Cal.4th 580, 589-590 [20 Cal.Rptr.2d 638, 853 P.2d 1093]; *Doers* v. *Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184-185, fn. 1 [151 Cal.Rptr. 837, 588 P.2d 1261].)