113 Cal.Rptr.2d 759 (2001)
93 Cal.App.4th 1286
The PEOPLE, Plaintiff and Respondent,
v.
RANGER INSURANCE COMPANY, Defendant and Appellant.
No. B145348.
Court of Appeal, Second District, Division Six.
November 26, 2001.
Review Granted March 13, 2002.
*761 Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.
Stephen Shane Stark, County Counsel, Toni Lorien, Deputy County Counsel, for Plaintiff and Respondent.
*760 PERREN, J.
John Nicholas Tautu pled no contest to two counts of burglary. He failed to appear for sentencing, and the court ordered his bail forfeited. Ranger Insurance Company (Ranger) appeals from the subsequent order of the court denying its motion to vacate the forfeiture of the bail bond. Ranger argues that the order of forfeiture should have been set aside and the bond exonerated because the court failed to make findings on whether to allow defendant to remain at liberty on bail after his conviction in accordance with amended Penal Code section 1166.[1] Because section 1166 does not apply to cases resolved by plea, it does not apply to this case. Accordingly, we affirm.

FACTS
Tautu was charged with burglary, forgery and related offenses. The court released Tautu after Ranger posted a bail bond of $100,000. He subsequently pled no contest to two counts of burglary. The negotiated, conditional plea contemplated that Tautu would be placed on probation, pay various costs, and serve 60 days in jail "as a term and condition of his felony probation at a later time at which he will surrender." The court accepted the plea, dismissed the remaining charges and set the matter for sentencing about a month later. When Tautu did not appear for sentencing, the court ordered forfeiture of his bail.
Ranger moved to vacate the order of forfeiture and exonerate bail, arguing that the court lost its jurisdiction over the bond because it permitted Tautu to remain at liberty on bail without taking evidence or making the findings specified by section 1166, as amended. In denying the motion, the trial court ruled that section 1166 does not apply to convictions by negotiated plea. It also concluded that section 1166 does not require the court to take evidence and make findings before releasing defendant on bail after conviction.
Ranger appealed from the order denying its motion to vacate the forfeiture and exonerate bail. The trial court later entered summary judgment. The People suggest that we may not consider an appeal from the denial of a motion to vacate forfeiture. We disagree and consider the appeal. (People v. Wilcox (1960) 53 Cal.2d 651, 654-655, 2 Cal.Rptr. 754, 349 P.2d 522 [order denying motion to vacate forfeiture is appealable as collateral proceeding]; accord, People v. Amwest Surety Ins. Co. (1986) 180 Cal.App.3d 444, 446, fn. 1, 225 Cal.Rptr. 592; § 1308; see also People v. American Surety Ins. Co. (1999) 75 Cal. App.4th 719, 722, 89 Cal.Rptr.2d 422 [appeal from subsequently entered summary judgment].)

DISCUSSION
Section 1166, as amended, provides in pertinent part that "[i]f a general verdict is rendered against the defendant, or a special verdict is given, he or she ... shall be committed to the proper officer of the county to await judgment of the court upon the verdict, unless, upon considering the protection of the public, the seriousness of the offense charged and proven, the previous criminal record of the defendant, the probability of the defendant failing *762 to appear for the judgment of the court upon the verdict, and public safety, the court concludes the evidence supports its decision to allow the defendant to remain out on bail. When committed, his or her bail is exonerated ...." (§ 1166, as amended by Stats. 1999, ch. 570, § 1.) Previously, section 1166 provided in pertinent part that if the defendant is out on bail, "he may be committed to the proper officer ... to await the judgment...."
We independently construe section 1166, as amended, to ascertain the intent of the Legislature so as to effectuate its purpose. (Estate of Griswold (2001) 25 Cal.4th 904, 910-911, 108 Cal.Rptr.2d 165, 24 P.3d 1191; Hunt v. Superior Court (1999) 21 Cal.4th 984, 1007, 90 Cal.Rptr.2d 236, 987 P.2d 705; People v. Amwest Surety Ins. Co. (1997) 56 Cal.App.4th 915, 919, 66 Cal.Rptr.2d 29.) Our role is limited; we do not question the wisdom, expediency, or policy of legislation. (California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist. (1997) 14 Cal.4th 627, 632-633, 59 Cal.Rptr.2d 671, 927 P.2d 1175.) Our task is to examine the statutory language, reading the statute as a whole and giving its words their usual, ordinary and commonsense meaning. (Griswold, at p. 911, 108 Cal.Rptr.2d 165, 24 P.3d 1191; People v. Tindall (2000) 24 Cal.4th 767, 772, 102 Cal.Rptr.2d 533, 14 P.3d 207; People v. Mendoza (2000) 23 Cal.4th 896, 907-908, 98 Cal.Rptr.2d 431, 4 P.3d 265.) "If the terms of the statute are unambiguous, we presume the lawmakers meant what they said, and the plain meaning of the language governs. [Citations.]" (Griswold, at p. 911, 108 Cal.Rptr.2d 165, 24 P.3d 1191; See also Tindall, at p. 772, 102 Cal.Rptr.2d 533, 14 P.3d 207.) We may resort to extrinsic sources only if the words of the statute are ambiguous. (Griswold, at p. 911, 108 Cal.Rptr.2d 165, 24 P.3d 1191.)
"The purpose of bail and forfeiture statutes is to insure the attendance of the accused and his obedience to court orders and judgments. [Citations.] It does not have as a goal revenue for the state or punishment to the surety. [Citations.]" (People v. American Surety Ins. Co., supra, 75 Cal.App.4th at p. 725, 89 Cal.Rptr.2d 422.) Because the law disfavors forfeitures and statutes imposing them, we strictly construe section 1166 in favor of the surety to avoid such harsh results. (Ibid.) Bond forfeiture statutes are jurisdictional and must be strictly followed. (Ibid.) But, "`[t]he burden is upon the bonding company seeking to set aside the forfeiture to establish by competent evidence that its case falls within the four corners of these statutory requirements. [Citation.]'" (Ibid.; People v. American Bankers Ins. Co. (1991) 233 Cal.App.3d 561, 570, 284 Cal.Rptr. 617.)
The bail bond "is a contract between the surety and the government whereby the surety acts as a guarantor of the defendant's appearance in court under the risk of forfeiture of the bond...." (People v. Ranger Ins. Co. (1994) 31 Cal. App.4th 13, 22, 36 Cal.Rptr.2d 807; People v. American Bankers Ins. Co., supra, 233 Cal.App.3d at p. 568, 284 Cal.Rptr. 617; § 1305, subd. (a)(3).) It is fair that the surety bear the consequences of the defendant's failure to appear at sentencing. (People v. Ranger Ins. Co. (1998) 61 Cal. App.4th 812, 819, 71 Cal.Rptr.2d 806.) Where there is a breach of the obligation stated in the bail bond, the bail should be forfeited. (People v. Ramirez (1976) 64 Cal.App.3d 391, 402, 134 Cal.Rptr. 511.)
The instant bond provides that Ranger "hereby undertakes that [Tautu] will appear in the [Superior Court of the County of Santa Barbara] ... and if convicted, will appear for pronouncement of judgment or grant of probation, or if [he] fails to perform *763 either of these conditions, that [Ranger] will pay to the people of the State of California the sum of ... $100,000.00." By the terms of the bond, bail was forfeited when Tautu failed to appear at the sentencing hearing.
We independently review the language of the statute in accordance with the rules of construction set forth above. Section 1166, by its express terms, does not apply to convictions entered upon pleas. Section 1166 specifically states that "[i]f a general verdict is rendered against the defendant, or a special verdict is given, he or she ... shall be committed ... to await the judgment...." (Italics added; see §§ 1151 [general verdict is determined upon a plea of not guilty. If a finding of guilt is made by the trier of fact, it imports a conviction]; 1152 [special verdict defined to be findings of fact by jury].) Section 1166 says nothing about immediate commitment after a defendant pleads guilty or nolo contendere, even though the effect of a nolo or guilty plea is tantamount to a finding of guilt and conviction. (Interinsurance Exchange v. Flores (1996) 45 Cal. App.4th 661, 672, 53 Cal.Rptr.2d 18; People v. Jones (1995) 33 Cal.App.4th 1087, 1093-1094, 39 Cal.Rptr.2d 530; People v. Arwood (1985) 165 Cal.App.3d 167, 171, 211 Cal.Rptr. 307.)
It is not our function to question the language used by the Legislature, nor may we insert language into legislation. If the Legislature had meant for section 1166 to apply in all cases in which a conviction occurs, it would have said so. Apparently, the Legislature meant for section 1166 to apply only if the defendant is convicted after he or she stands trial. Indeed, section 1166 appears in Chapter 4 of Title 7, which only concerns proceedings on verdicts or findings after trial, rather than in Chapter 1 of Title 10, which concerns bail. Whatever reasons may have moved the Legislature to limit the application of section 1166 to general or special verdicts, we may not delve beyond the meaning of the plain, unambiguous words it used in the statute. On its face, the statute does not apply to negotiated pleas. Section 1166 refers only to verdicts. We need not and do not reach the question of whether the court must-make findings on the factors set forth in section 1166 in cases where convictions are obtained upon verdicts.
Accordingly, the order denying the motion to vacate the forfeiture and the subsequently entered consent summary judgment of forfeiture are affirmed. Ranger is to pay costs.
We concur: GILBERT, P.J., and YEGAN, J.
NOTES
[1] All statutory references are to the Penal Code.