Filed 1/27/15  Yeung v. Yong CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| YEUNG SZE YEUNG, Plaintiff and Respondent, v. MEI LIN YONG et al., Defendants and Appellants. | B251726 (Los Angeles County Super. Ct. No. BC496419) |

APPEAL from an order of the Superior Court of Los Angeles County.  Soussan G. Bruguera, Judge.  Affirmed in part; reversed in part.

Tantalo & Adler, Michael S. Adler and Joel M. Tantalo for Defendants and Appellants.

Ernest J. Bartlett for Plaintiff and Respondent.

_____

Plaintiff filed a motion to disqualify defendants' attorneys for communicating with plaintiff in violation of Rule 2-100(A) of the Rules of Professional Conduct, and in that motion, requested that his signature be voided on certain documents and that "defendants and their former counsel are admonished not to have further contact with plaintiff." The court granted those requests but, in addition, the court on its own voided plaintiff's signature on other documents that were not part of the noticed motion. Appellants do not challenge counsel's disqualification or the voiding of documents prepared by counsel. Rather, they challenge the order voiding signatures on documents not noticed and the no contact order. We reverse the order insofar as it invalidates documents not included in the motion and reverse the order's no-contact provision. We affirm the order in all other respects.

## FACTS AND PROCEEDINGS BELOW

The underlying action is a dispute among family members over the ownership of a corporation called Monryheng, Inc. which own real property in California. Plaintiff Yeung Sze Yeung, a resident of Hong Kong, claims that he owns 100 percent of the stock in Monryheng and is its president. Yeung brought an action in the Los Angeles County Superior Court under Corporations Code section 709 to determine the validity of the election or appointment of the directors of the corporation. At all times plaintiff has been represented by attorney Ernest J. Bartlett.

The defendants are Mei Lin Yong, plaintiff's cousin by marriage, who claims she is the president of the corporation, Andrew Lee, her son-in-law, and the corporation. Prior to his death, Mei Lin, Yong's husband, operated the corporation. Defendants, represented by the law firm of Alexander and Yong, filed an answer to Yeung's complaint.

In January 2013, defendants Yong and Lee traveled to Hong Kong and met with plaintiff Yeung. They brought with them three documents prepared by their attorneys: (1) a Judicial Council Substitution of Attorneys form, substituting Yeung in propria persona for his attorney, Bartlett; (2) a Judicial Council Request for Dismissal form

2

dismissing Yeung's action; and (3) a letter prepared by Yong's son Jeffrey, one of her attorneys, addressed "Dear Sir/Madam" to be given to an attorney in Hong Kong with the request that the attorney, among other things, discuss the case with Yeung and determine "whether it is indeed his desire to bring suit against Defendants to obtain control of Monryheng, Inc." The letter states in part: "It is also our understanding that Mr. Yeung Sze Yeung has given his consent to have you review this correspondence, and meet with him and defendants . . . to discuss the case." (Block capitals omitted.)

When Yong and Lee returned from Hong Kong they brought with them the Substitution of Attorneys and Request for Dismissal forms signed by Yeung. They also brought a notarized letter from Yeung withdrawing the declaration he previously filed in the action and another letter withdrawing the power of attorney he previously granted to Fred Yong, Mei Lin Yong's estranged son, that essentially allowed Fred Yong to run Monryheng on Yeung's behalf. These documents were part of a purported settlement of the action.

Defendants' counsel sent the substitution of attorneys form to Bartlett and asked for his "professional cooperation" in signing and returning the form so that defendants could file it along with the request for dismissal of the action.

Bartlett did not sign the substitution of attorneys. Instead, still acting as Yeung's attorney, he filed a motion to (1) disqualify defendants' attorneys, (2) invalidate the substitution of attorneys and request for dismissal, and (3) enjoin defendants from further communications with Yeung. The motion did not ask the court to invalidate the letter from Yeung, withdrawing the declaration he previously filed in the action nor the letter withdrawing the power of attorney he previously granted to Fred Yong, and it did not challenge the subsequent settlement agreement with Yong.

In support of this motion Bartlett submitted a declaration by Yeung stating that Yong and Lee came to Hong Kong and "took me to see a lawyer and through deception and intimidation they coerced me into signing several documents." Yeung further stated that defendants "said I could be in a lot of trouble if I did not dismiss my case and

3

that I was being lied to by my attorney . . . . I was scared and so signed some papers they presented to me." Yeung said that he "repudiated" any statements he was coerced into signing and "I am represented in this matter by my attorney, Mr. Bartlett." Yong and Lee responded to Yeung's declaration with declarations of their own denying Yeung's allegations.

The trial court granted Yeung's motion in all respects. In addition to ordering the disqualification of defendants' attorneys the court ordered: ". . . [T]hat plaintiff's signatures on the substitution of attorney form, dismissal form, withdrawal of declaration and withdrawal of power of attorney . . . are hereby voided, and the settlement agreement drafted by Jeffrey Yong is invalid as well. The court finds that there was no settlement and the signatures on the dismissal documents were obtained improperly and through fraud, and as such, they are hereby voided" and "[d]efendants and their former counsel are further admonished not to have further contact with Plaintiff." Although the trial court voided the settlement agreement, it did not order Yeung to return monies he received as part of that settlement.

Defendants filed a timely appeal. We issued an order staying the matter, including the trial, pending resolution of the appeal.

## DISCUSSION

Defendants, represented by new counsel, do not challenge the propriety of the orders disqualifying their former counsel and voiding the documents those attorneys prepared. Defendants direct their appeal at two other aspects of the court's order. They contend that the court overstepped its authority in voiding the documents that were not named in the noticed motion and that the court's no contact order is invalid We agree.

### A. The Order Invalidating The Documents Not Noticed in the Motion Is Void Because It Exceeds The Relief Sought In The Motion.

Defendants argue that the orders invalidating the letters from Yeung withdrawing the declaration he previously filed in the action and the power of attorney he previously granted to Fred Yong and voiding the settlement agreement should be reversed because

4

plaintiff's motion did not request such relief. Plaintiff limited his request for relief to "invalidating *Plaintiff's signatures* on documents prepared by *defense counsel.*" (Italics added.) The only documents that meet that description are the substitution of attorneys form and the request for dismissal. The letters from Yeung were not prepared by defense counsel but by attorneys purportedly representing Yeung in Hong Kong. The settlement agreement was not signed by Yeung.

It is well-settled that a notice of motion must state "the nature of the order being sought[.]" (Cal. Rules of Court, rule 3.1110(a); *People v. American Surety Ins. Co.* (1999) 75 Cal.App.4th 719, 726 [motion for extension denied because "[t]he notice of motion made no reference to the fact that an extension was being sought" citing former rule 311(a) of the California Rules of Court] and see Rylaarsdam & Edmon, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2014) § 9:38 ["The court cannot grant different relief . . . than stated in the notice of motion."].)

**B. The Court's No-Contact Order Is Not Supported By Substantial Evidence.**

An order prohibiting a party from communicating with another party is a drastic remedy and cannot be imposed "absent compelling evidence of abuse." (*San Francisco Unified School Dist. ex rel. Contreras v. First Student, Inc.* (2013) 213 Cal.App.4th 1212, 1238.) Such remedy is not warranted here. Assuming, without deciding, that Yeung was deceived by Yong and Lee into signing certain documents, there is nonetheless no substantial evidence that he was in any real danger of being their victim again. Yeung's declaration did not state that he feared the defendants would continue to harass him. Nor was there any other evidence of such a danger. Further, his own declaration demonstrates a certain amount of sophistication in business matters by his claiming to be an owner of a corporation which holds apparently valuable real estate. Lastly, to the extent defendant's former attorneys may have encouraged defendants' conduct, they are no longer in the case. Accordingly, the injunction must be vacated as to Yong and Lee.

5

## DISPOSITION

The order is reversed for lack of notice insofar as it invalidates Yeung's signatures on the letters withdrawing the declaration he previously filed in the action, and the power of attorney he previously granted to Fred Yong, and voids the settlement agreement. It is further reversed insofar as it prohibits any contact between defendants and Yeung. In all other respects the order is affirmed.

The stay is lifted upon issuance of our remittitur. Each party to bear its own costs on appeal.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:


CHANEY, J.


BENDIX, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6